Submitted June 8, reversed and remanded for entry of a single conviction of attempted first-degree assault and a single conviction of menacing and for resentencing; otherwise affirmed July 13, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES MARCO BRYAN,
*Defendant-Appellant.*

Columbia County Circuit Court
091193; A143915

260 P3d 617

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals his convictions for two counts of attempted first-degree assault and two counts of menacing, arguing that the trial court erred in failing to merge the two assault convictions and in failing to merge the two menacing convictions. The state concedes that the trial court erred in failing to merge those convictions. As explained below, that concession is well founded, and we accept it. Accordingly, we reverse and remand for resentencing.

The victim in this case had just finished a 30-mile bicycle ride when he decided to stop at a convenience store for water. Defendant saw the victim, with whom he previously had had acrimonious encounters, approached him and cursed and challenged him to a fight. When the victim declined defendant's challenge, defendant pulled a knife from his pocket and slashed at the victim. The victim jumped backward to avoid the knife. Defendant immediately slashed at the victim again, and the victim was again able to avoid the knife. When the victim yelled that defendant was trying to stab him, defendant put the knife back in his pocket and walked away.

Defendant was convicted of two counts of attempted assault in the first degree, ORS 161.405, and two counts of menacing, ORS 163.190. The trial court entered separate convictions on each of the four counts. Defendant did not preserve an argument that the trial court erred by not merging the convictions, but he urges us to treat the question as one of plain error. The state concedes that the error is plain, and we agree.[1]

ORS 161.067(3) provides, in part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same

---

[1] This court has discretion to review unpreserved errors of law that are apparent on the record. *See* ORAP 5.45(1). To constitute plain error, the error must (1) be an error of law; (2) be apparent, meaning the legal point is obvious, not reasonably in dispute; and (3) appear on the face of the record such that we "need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, *must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."*

(Emphasis added.) We recently explored the meaning of the term "sufficient pause" in *State v. Watkins*, 236 Or App 339, 236 P3d 770, *rev den*, 349 Or 480 (2010). In that case, the defendant had been convicted of seven counts of assault in the second degree arising from his having stabbed a corrections officer seven times with a homemade "shank." *Id.* at 341. The defendant argued that those convictions should have been merged under ORS 167.067(3), because the incident unfolded so quickly that there had not been a sufficient pause between each of his individual thrusts of the shank. *Id.* at 345. We began our analysis by explaining that,

"[i]n the context of ORS 161.067(3), a 'sufficient pause' means 'a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords a defendant the opportunity to renounce his or her criminal intent.' [*State v.*] *Huffman*, 234 Or App [177], 184, 227 P3d 1206 [(2010)]."

*Id.* at 346. We then examined our application of ORS 167.067(3) in *State v. Sanders*, 185 Or App 125, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004), and *State v. Sullivan*, 234 Or App 38, 227 P3d 1186, *adh'd to as modified on recons*, 235 Or App 177, 230 P3d 100 (2010). We concluded that,

"[a]s our holdings and analysis in *Sanders* and *Sullivan* demonstrate, in circumstances akin to those presented here, where a defendant has been found guilty on multiple counts of assault arising from the same criminal episode and involving the same victim, the court must merge those guilty verdicts unless the state proves that 'one assault ended before the other began.' *See Sanders*, 185 Or App at 130. Further, in that regard, '[t]he mere passage of time, by itself, does not establish that one assault ended before the other began.' *Id.*"

*Watkins*, 236 Or App at 348. Because the state had presented evidence of only "one interval of between three and four seconds" between the first and second series of stabbings, we concluded that there had been no showing of a sufficient pause under ORS 167.067(3) and that the trial court had "erred when it failed to merge the guilty verdicts on seven counts of second-degree assault into one conviction for second-degree assault." 236 Or App at 348.

Applying the foregoing principles to the facts in this case confirms that the state's concession of plain error is well taken. Both of defendant's attempted first-degree assault convictions violated only one statutory provision and involved only one victim; both menacing convictions likewise violated only one statutory provision and involved only one victim. To be separately punishable violations, they must have been "separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3). Here, the evidence showed that defendant's second slash toward the victim immediately followed his first slash. Consistently with our analysis in *Watkins*, we conclude that there was not a sufficient pause between defendant's acts and, thus, the trial court plainly erred in failing to merge defendant's convictions.

We also agree with the state that we should exercise our discretion to correct that error. As we explained in analogous circumstances in *State v. Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008), the relevant considerations under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), militate in favor of our exercise of discretion to correct the trial court's error:

> "First, the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history. Second, although the state may have an interest in avoiding unnecessary resentencing proceedings, [*Ramirez*, 343 Or at 513],

it has no interest in convicting a defendant twice for the same crime. Thus, on balance, the competing interests of the parties in this case weigh in favor of exercising our discretion to correct the error. Moreover, we cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate kidnapping convictions; nor can we identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted. Indeed, the state has not suggested *any* reasons why this court should decline to exercise its discretion to correct the error in this case."

*Valladares-Juarez*, 219 Or App at 564-65 (emphasis in the original).

Because we find the foregoing equally applicable here, we conclude that it is appropriate for us to exercise our discretion to correct the trial court's error in failing to merge defendant's convictions.

Reversed and remanded for entry of a single conviction of attempted first-degree assault and a single conviction of menacing and for resentencing; otherwise affirmed.