Argued and submitted March 9, corrected judgment reversed and remanded with instructions to again merge aggravated murder and intentional murder convictions, and to separately enumerate aggravating factors underlying merged aggravated murder convictions; conviction and sentence of death otherwise affirmed June 28, 2012

STATE OF OREGON,
*Respondent,*

*v.*

GREGORY ALLEN BOWEN,
*Appellant.*

(CC 02CR0019; SC S058431)

282 P3d 807

Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

DE MUNIZ, J.

## DE MUNIZ, J.

This capital case is before this court, for a second time, on automatic and direct review of a judgment of conviction and sentence of death. In 2006, in the initial proceeding under ORS 138.012(1), this court affirmed defendant's convictions for aggravated murder and the imposition of the death penalty, but concluded that the trial court had erred in failing to merge two aggravated murder verdicts and one intentional murder verdict against defendant into a single conviction set out in a single judgment that imposed one sentence of death. *State v. Bowen*, 340 Or 487, 527, 529, 135 P3d 272 (2006) (*Bowen I*). On remand, the trial court denied several defense motions—which are now at issue in this proceeding—and entered a corrected judgment. We affirm the trial court's denial of defendant's motions and also affirm defendant's merged conviction and the sentence of death. However, we reverse the corrected judgment and remand for entry of a new corrected judgment, for reasons explained in this opinion.

## I.  FACTS AND PROCEDURAL BACKGROUND

The facts surrounding the crimes that gave rise to defendant's convictions are described in *Bowen I*, 340 Or at 489-92, 525-27, and we need not repeat them in detail here. By way of summary, defendant was indicted in January 2002 for multiple crimes that occurred in December 2001, involving two different victims. The first group of allegations involved victim Christiansen, including two aggravated murder charges (death caused during robbery and death caused during burglary), as well as an intentional murder charge, together with additional crimes that occurred in Christiansen's home. The second group of allegations involved crimes against victim Dalton on the same day but in a different location. Defendant pleaded guilty to the Dalton allegations and not guilty to the Christiansen allegations. In April 2003, a jury convicted defendant of all the Christiansen allegations, and, at the conclusion of sentencing, the jury answered "yes" to each of the four statutory questions under ORS 163.150(1)(b) as to both counts of aggravated murder. The trial court thereafter imposed a sentence of death on the Christiansen aggravated murder counts, with

a separate judgment and sentence for each count. *Id.* at 525. On the Christianson intentional murder charge, the court entered another separate judgment that imposed a 300-month sentence with lifetime post-prison supervision and also imposed sentences on all remaining counts as to both victims. *Id.* at 527.

On automatic review, this court rejected defendant's assignments of error relating to various pretrial and guilt-phase issues, and substantive challenges to the penalty phase. *Id.* at 492-525. However, the court concluded that the trial court had erred under ORS 161.067(1) in failing to merge the aggravated murder verdicts into a single conviction and also in failing to merge the intentional murder verdict with the aggravated murder verdicts, which should have been set out in a single judgment imposing one sentence of death, and that those errors were apparent on the face of the record.[1] *Id.* at 527, 529. The court therefore remanded for entry of a corrected judgment. *Id.* The specific remand direction that this court provided to the trial court is at issue in this proceeding and is discussed in greater detail later in this opinion.

On remand, at a hearing in March 2010, the trial court denied three defense motions: (1) "motion to follow ORS 138.012," asserting that the trial court on remand either must sentence defendant to life in prison with the possibility of parole or commence a new sentencing proceeding before a jury; (2) motion for new trial, based on the trial court's decision to require defendant to wear a stun device during the initial trial; and (3) motion to dismiss, for lack of "speedy sentencing," based on the amount of time that had elapsed between the issuance of the appellate judgment in *Bowen I* and the scheduling of resentencing proceedings. The court then entered a new judgment that merged the aggravated murder and murder convictions and imposed a sentence

---

[1] ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

In *Bowen I*, the state conceded that the form of the judgments amounted to error under ORS 161.067(1). *Bowen*, 340 Or at 525.

of death, but made no other changes to the earlier form of judgment.

On review, defendant assigns error to the trial court's denial of each motion summarized above and contends that the error in each instance requires reversal of the corrected judgment of conviction and the sentence of death. We address each of defendant's assignments of error below.

## II.  DISCUSSION

A. *Motion for Resentencing on Remand Under ORS 138.012(2)(a)*

1. *Scope of Remand*

We begin by setting out the statute that forms the basis for defendant's assignment of error. ORS 138.012 provides, in part:

"(1)   The judgment of conviction and sentence of death entered under ORS 163.150(1)(f) is subject to automatic and direct review by the Supreme Court. * * *

"(2)   Notwithstanding ORS 163.150(1)(a), after automatic and direct review of a conviction and sentence of death the following apply:

"(a)   *If a reviewing court finds prejudicial error in the sentencing proceeding only, the court may set aside the sentence of death and remand the case to the trial court.* No error in the sentencing proceeding results in reversal of the defendant's conviction for aggravated murder. *Upon remand and at the election of the state, the trial court shall* either:

"(A)   Sentence the defendant to imprisonment for life in the custody of the Department of Corrections as provided in ORS 163.105(1)(c); or

"(B)   Impanel a new sentencing jury for the purpose of conducting a new sentencing proceeding to determine if the defendant should be sentenced to:

"(i)   Death;

"(ii)   Imprisonment for life without the possibility of release or parole as provided in ORS 163.105(1)(b); or

"(iii) Imprisonment for life in the custody of the Department of Corrections as provided in ORS 163.105(1)(c)."

(Emphases added.)

The crux of defendant's argument relies on the phrase, "[i]f a reviewing court finds prejudicial error in the sentencing proceeding only," in ORS 138.012(2)(a). In defendant's view, the trial court's earlier error under ORS 161.067(1) in entering the separate judgments of conviction and sentences of death—as identified by this court in *Bowen I*—necessarily qualified as "prejudicial error" found in the original "sentencing proceeding" for purposes of ORS 138.012(2)(a). Consequently, defendant argues, the trial court was limited to the sentencing choices on remand set out in ORS 138.012(2)(a)(A) and (B), at the state's election, and was not permitted to simply enter a corrected judgment. In response, the state emphasizes that this court in *Bowen I* expressly rejected all defendant's claims of error that challenged the validity of his convictions and sentences of death, and it affirmed those convictions and sentences. As to the *form of judgment only*, the state continues, this court concluded that the trial court had erred in failing to merge the aggravated murder and intentional murder convictions and to enter a single judgment imposing a sentence of death, and the court limited its disposition to correction of that error.

The parties' dispute focuses on a purported ambiguity arising out of the wording in this court's opinion in *Bowen I*. In that opinion, after concluding that the judgments convicting defendant on two counts of aggravated murder and imposing sentences of death did not comply with ORS 161.067(1) and that that error amounted to error apparent on the face of the record, this court stated:

"[W]e reverse the judgments of conviction for aggravated murder on counts one and two, *vacate* the sentences of death imposed on those convictions, and *remand* to the trial court *for entry of corrected judgments and resentencing*."

340 Or at 527 (emphases added). Similarly, after concluding that the trial court also had erred under ORS 161.067(1) with respect to the separate judgment that incorporated the intentional murder conviction, and that that error also was apparent on the face of the record, this court stated:

"[W]e reverse the judgment of conviction for intentional murder on count three, *vacate* the sentence imposed on that conviction, and *remand* to the trial court *for entry of a corrected judgment and resentencing.*"

*Id.* at 529 (emphases added). At the conclusion of its opinion, the court summarized its disposition as follows:

"[W]e *remand* the case *for entry of a corrected judgment of conviction,* reflecting defendant's guilt on the charge of aggravated murder, based upon alternative aggravating factors, and intentional murder, and imposing one sentence of death. *We otherwise affirm the judgments of conviction and the sentences of death.*

"The judgments of conviction and sentences of death are *affirmed.* The case is remanded to the circuit court for further proceedings."

*Id.* (emphases added).

Defendant is correct that some of the wording in *Bowen I* may be ambiguous. For example, after concluding that the trial court erred in failing to merge the aggravated murder convictions, the court stated that the judgments were "reverse[d]" and remanded for entry of corrected judgments "and resentencing." *Id.* at 527. The court repeated that wording when it concluded that error also had occurred in the failure to merge the intentional murder conviction with the aggravated murder convictions. *Id.* at 529.

When the relevant parts of the opinion are considered in their entirety, however, this court's intention in ordering remand in *Bowen I* is clear. In the concluding paragraph of its opinion, this court concluded that the trial court had erred in entering three separate judgments and that remand was necessary to enter a corrected judgment that accurately reflected the nature of defendant's crimes. That limited aspect of the remand is clarified in the concluding words of the opinion, wherein the court "affirmed" the judgments of conviction and sentences of death, but nonetheless remanded for further proceedings, the purpose of which was entry of a corrected judgment. *Id.*

Because this court's intended disposition in *Bowen I* was to remand solely for entry of a corrected judgment,

the corollary result is that the court did not intend that the remand proceed pursuant to the resentencing provisions set out in ORS 138.012(2)(a). As this court previously has explained, the intent of the statutory provision now codified as ORS 161.067(1) was to ensure that

"criminal records accurately reflect all crimes actually committed and that a person who commits multiple crimes by the same conduct or during the same criminal episode should have a criminal record reflecting each crime committed rather than only a single conviction which would not accurately portray the nature and extent of that person's conduct."

*State v. Crotsley*, 308 Or 272, 276-77, 779 P2d 600 (1989). If this court determines that an error under ORS 161.067(1)—such as that at issue in *Bowen I*—occurred, then the court must remand, so that the trial court may enter a corrected judgment that accurately reflects the crimes for which the defendant was convicted. *See State v. Kizer*, 308 Or 238, 241, 779 P2d 604 (1989) ("[u]nlike many trial errors, a failure to object to an unlawful sentence does not require a retrial and the error often can be determined without reference to evidence"; court remanded for resentencing after concluding that trial court should have merged defendant's convictions for forging and uttering single check in single transaction). And, in capital cases involving multiple convictions for aggravated murder and sentences of death involving the same victim, the remand is limited to entry of a corrected judgment. *See State v. Gibson*, 338 Or 560, 577-78, 113 P3d 423 (2005), *cert den*, 546 US 1044 (2005) (court remanded for entry of corrected judgment that merged two aggravated murder convictions into single conviction and that imposed single sentence of death, so that judgment would correctly reflect defendant's guilt on multiple aggravated murder charges involving one victim); *State v. Hale*, 335 Or 612, 630-31, 631 n 10, 75 P3d 612 (2003), *cert den*, 541 US 942 (2004) (same).

As noted, defendant relies on the words, "prejudicial error in the sentencing proceeding," in ORS 138.012(2)(a) to contend that a renewed sentencing determination was required in this case. Additionally, defendant argues that,

given the nature of the error, the trial court first should have merged defendant's convictions for aggravated and intentional murder, and then proceeded to sentencing. Defendant argues that, in the general context of a penalty-phase proceeding, a trial court must merge the convictions at the outset of the proceeding, before the jury returns sentence, so as to eliminate the possibility of inconsistent sentences—for example, a death sentence for aggravated murder committed in the course of a robbery, but a life sentence for aggravated murder committed in the course of a burglary. In defendant's view, any subsequent or after-the-fact "merger" of inconsistent sentences at the conclusion of the jury's sentencing determination would be contrary to ORS 167.071(1), which requires merger of convictions, not sentences.

Defendant is correct that, in the event of an error under ORS 161.067(1), a renewed sentencing determination may be required, depending on the circumstances of the case. For example, in *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), the trial court had imposed consecutive life sentences for two aggravated murder convictions involving the same victim. After concluding that the trial court had erred under a companion provision to ORS 161.067(1)[2] and that the defendant's record must "depict the full extent of his involvement in the criminal conduct that led to the victim's death," 331 Or at 36, this court remanded for entry of a corrected judgment of conviction for one count of aggravated murder that separately enumerated the applicable aggravating factors and resentencing based on entry of the corrected judgment. In *Barrett*, a new sentencing determination was required in addition to the corrected judgment, because this court had invalidated the basis for the previously imposed consecutive life sentences.

By contrast, however, the jury here returned two unanimous verdicts imposing the death sentence, one on each charge of aggravated murder involving victim Christianson. Unlike in *Barrett*, where the error under what

---

[2] In *State v. Crotsley*, 308 Or 272, 276 n 3, 779 P2d 600 (1989), this court explained the statutory history of ORS 161.067(1) and its nearly identical companion, *former* ORS 161.062(1) (1989), *repealed by* Or Laws 1999, ch 136, § 1.

is now ORS 161.067(1) would have resulted in a longer period of incarceration, the practical result of the jury's sentencing determination here was to return a single sentence of death, because—unlike a life sentence with the possibility of parole—a death sentence can be imposed only once. It follows that the error identified in *Bowen I* was remedied by entry of a corrected judgment for a single conviction of aggravated murder and a single sentence of death, which, in turn, ensured that defendant's record accurately reflected the crimes for which he was convicted. *See Gibson*, 338 Or at 577-78 (same result in identical circumstances); *Hale*, 335 Or at 630-31, 631 n 10 (same). That narrow result is consistent with our statutory and constitutional obligations to affirm the verdict and judgment of the trial court unless an error affects a substantial right of a party. *See generally State v. Mains*, 295 Or 640, 662-65, 669 P2d 1112 (1983) (summarizing statutory and constitutional standards for assessing prejudicial and harmless error).

In summary, in denying defendant's motion to follow ORS 138.012, the trial court on remand correctly reasoned that, consistently with *Bowen I*, ORS 138.012(2)(a) did not apply to the remand proceedings. Instead, this court's remand direction in *Bowen I* was limited to entry of a corrected judgment, which the trial court entered on remand. We reject defendant's arguments to the contrary.

2. *Form of Judgment on Remand*

As explained, in entering the corrected judgment on remand, the trial court complied with this court's direction in *Bowen I* by merging defendant's convictions for aggravated murder and intentional murder. The corrected judgment provided, in part:

> "Defendant was found guilty on April 2, 2003, of two counts, Counts 1 and 2, of Aggravated Murder, ORS 163.095 by a jury trial by unanimous verdict of a twelve person jury. Defendant was also found guilty of one Count, Count 3, of (Intentional) Murder, ORS 163.115 by jury verdict. Those three Counts merge into one Count of Aggravated Murder, Count 1."

However, consistently with *Hale*, 335 Or at 631, and *Gibson*, 338 Or at 577-78, this court in *Bowen I* further directed

that the corrected judgment separately enumerate each aggravating factor underlying the merged convictions for aggravated murder. *Id.* at 527. As can be seen, the corrected judgment did not separately enumerate those factors.

Neither party mentioned that deficiency in the corrected judgment, which—under the reasoning set out in *Bowen I*, 340 Or at 525-27—amounts to error on the face of the record. In this capital case, it is particularly important that the judgment comply with all statutory requirements and accurately reflect the crimes for which defendant was convicted. We therefore exercise our discretion to reverse the corrected judgment and direct entry of a new corrected judgment that, in addition to again merging the two counts of aggravated murder and one count of intentional murder, also separately enumerates each of the aggravating factors underlying defendant's merged aggravated murder convictions (here, death occurring in the course of robbery and death occurring in the course of burglary). Our limited direction to the trial court on remand is to enter a new corrected judgment that complies with this decision; we continue to affirm defendant's merged aggravated murder convictions and the sentence of death.

B.  *Motion for New Trial—Stun Device*

In *Bowen I*, defendant challenged the use of the stun device at trial, contending that, although he had not preserved the issue for purposes of appeal, the trial court had committed plain error in neither holding a hearing on the matter nor entering findings supporting that form of restraint.  340 Or at 494-95. This court concluded that defendant had not established plain error, because the record was insufficient to show whether the stun device had been visible to the jury or whether it had affected defendant's ability to assist in his defense. *Id.* at 495-96. On remand, defendant moved for a new trial based on the stun device issue. The trial court denied the motion as untimely and not properly before the court.

We agree with the trial court that defendant was not permitted to relitigate the stun device issue on remand. In *Bowen I*, defendant raised the unpreserved stun device issue, and this court rejected it. We reject defendant's

renewed stun device contention and affirm the trial court's denial of defendant's motion for a new trial.

C. *Motion to Dismiss—Speedy Trial Violation*

Finally, defendant contended on remand that the delay in excess of two years that had elapsed between this court's issuance of the appellate judgment in *Bowen I* and the scheduled resentencing date violated his "speedy trial" rights under Article I, section 10, of the Oregon Constitution and the Sixth Amendment to the United States Constitution,[3] citing the criteria set out in *State v. Harberts*, 331 Or 72, 88, 11 P3d 641 (2000), and *Barker v. Wingo*, 407 US 514, 530, 92 S Ct 2182, 33 L Ed 2d 101 (1972). Defendant moved to dismiss the case on that ground; as noted, the trial court denied that motion.

For its part, the state acknowledges that the lengthy delay "was the result of inadvertence and neglect by the parties and the court, and is neither chargeable to defendant nor excusable." The state also does not dispute defendant's contention that a remanded retrial or resentencing proceeding implicates Article I, section 10. The state emphasizes, however, that this court in *Bowen I* affirmed all defendant's convictions and effectively upheld the jury's imposition of a sentence of death, limiting remand to only entry of a corrected judgment. In that circumstance, the state argues, no constitutional violation occurred.

In the context of the parties' contentions, we agree with the state. Here, the error in the original proceeding was limited to the form of judgment, and—as explained earlier in this opinion—remand was limited to correction of that error. The court in *Bowen I* otherwise affirmed defendant's conviction and sentence of death. Although nothing in the record justifies the delay that occurred, no prejudice to defendant resulted from the delayed entry of the corrected judgment that implicates either Article I, section 10, of the Oregon Constitution or the Sixth Amendment to the United States Constitution. *See generally Harberts*, 331 Or

---

[3] Article I, section 10, provides, in part, that "justice shall be administered * * * without delay[.]" The Sixth Amendment provides, in part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"

at 88 (prejudice to defendant resulting from delay is one component of state constitutional analysis); *Barker*, 407 US at 532 (same, regarding federal constitutional analysis). We reject defendant's contentions under Article I, section 10, and the Sixth Amendment, and affirm the trial court's denial of defendant's motion to dismiss.

## III.  CONCLUSION

In sum, we conclude that, on remand, the trial court properly denied defendant's motion to follow ORS 138.012, his motion for new trial based on stun device, and his motion to dismiss based on purported "speedy trial" constitutional violations. The trial court correctly entered a corrected judgment that merged the aggravated murder and murder convictions as to victim Christianson and imposed a single sentence of death. However, the corrected judgment failed to separately enumerate the aggravating factors underlying defendant's aggravated murder convictions, and we therefore reverse the corrected judgment and remand with the limited direction that the trial court enter a new corrected judgment that again merges defendant's aggravated murder and intentional murder convictions and that also enumerates the aggravating factors underlying defendant's merged aggravated murder convictions.

The corrected judgment is reversed and remanded with instructions to again merge the aggravated murder and intentional murder convictions, and to separately enumerate the aggravating factors underlying the merged aggravated murder convictions. The conviction and the sentence of death are otherwise affirmed.