Argued and submitted June 27, convictions on Counts 9 and 10 reversed and remanded for merger; remanded for resentencing; otherwise affirmed August 15, 2012, *rev den*, 353 Or 209 (2013)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DERRICK JERMAINE JAY,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0901085; A145218

284 P3d 597

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, Office of Public Defense Services, and Louis R. Miles, Deputy Public Defender. Derrick Jay filed the supplemental brief *pro se*.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of first-degree robbery with a firearm, first-degree burglary with a firearm, second-degree assault, five counts of first-degree theft, and two counts of theft by receiving. On appeal, defendant argues that the trial court erred in receiving a nonunanimous verdict on his robbery conviction and raises an additional *pro se* assignment of error regarding double jeopardy. We reject without discussion the nonunanimous jury argument, *see State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009), as well as the double jeopardy argument.

However, defendant also argues, among other sentencing-related contentions, that the trial court erred in failing to merge two counts of first-degree theft by receiving (Counts 9 and 10) because defendant received both the laptop (Count 9) and knives (Count 10) during the course of one criminal episode and without evidence of a sufficient pause between thefts. *See State v. Huffman*, 234 Or App 177, 227 P3d 1206 (2010) (discussing merger of convictions for first-degree theft where separate items were stolen during one criminal episode and there was no evidence in the record as to when one theft ended and the other began). The state concedes that the court plainly erred in that regard, and that the error requires a remand for resentencing. We agree with the state's concession and, for the reasons expressed in *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008), exercise our discretion to correct the error. Accordingly, we reverse those two theft-by-receiving convictions and remand for merger of those convictions and for resentencing.[1]

Convictions on Counts 9 and 10 reversed and remanded for merger; remanded for resentencing; otherwise affirmed.

---

[1] Defendant also raises other unpreserved sentencing-related errors, including regarding merger of other convictions. On remand, defendant will have an opportunity to raise those arguments to the trial court, and we decline to address them under the strictures of plain error. *See State v. Sauceda*, 236 Or App 358, 362, 239 P3d 996 (2010) (similarly declining to reach unpreserved merger argument where "the trial court will have an opportunity to address that issue in the first instance" on remand for resentencing under ORS 138.222(5)).