Submitted April 25, reversed and remanded for merger of guilty verdicts on Counts 1 and 2 into a single conviction for attempted second-degree assault, and for resentencing; otherwise affirmed May 30, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOEL JAMES DAHL,
*Defendant-Appellant.*

Linn County Circuit Court
10091444; A147262

302 P3d 480

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Duncan, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of attempted second-degree assault and one count of fourth-degree assault. Both counts of attempted second-degree assault arose out of an incident in which defendant slammed a door on the victim (Count 1) and kicked the victim in the face (Count 2). On appeal, defendant argues that the trial court plainly erred in failing to merge the guilty verdicts for attempted second-degree assault into a single conviction, because they involved a single episode of attempted assault on a single individual and there was not a sufficient pause between the attempted assaults. The state concedes that the trial court erred in that regard and that those two convictions must be remanded for merger. *See State v. Bryan*, 244 Or App 160, 260 P3d 617 (2011); *see also* ORS 161.485(2) (a person "shall not be convicted of more than one offense defined by [the inchoate crime statutes] for conduct designed to commit or to culminate in commission of the same crime"). We agree with and accept the state's concession, and, for the same reasons expressed in *Bryan*, we remand the case for merger and resentencing.[1]

Reversed and remanded for merger of guilty verdicts on Counts 1 and 2 into a single conviction for attempted second-degree assault, and for resentencing; otherwise affirmed.

---

[1] Defendant also argues that the trial court plainly erred in awarding restitution because the state failed to present information concerning restitution prior to the time of the initial sentencing. Because the entire case (including the restitution award) must be remanded for resentencing, *see* ORS 138.222(5), we decline to address that assignment of error under the strictures of plain error review. *See State v. Jay*, 251 Or App 752, 753 n 1, 284 P3d 597 (2012), *rev den*, 353 Or 209 (2013) (similarly declining to reach unpreserved sentencing error where entire case was remanded for resentencing on a different assignment of error).