Argued and submitted May 1, judgment of conviction and sentence of death affirmed May 30, 2014

STATE OF OREGON,
*Respondent,*

*v.*

GREGORY ALLEN BOWEN,
*Appellant.*

(CC 02CR0019; SC S061149)

326 P3d 1162

Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

LINDER, J.

**LINDER, J.**

This is a capital case on automatic and direct review to this court for the third time following a remand to the trial court. *See State v. Bowen*, 352 Or 109, 119, 121, 282 P3d 807 (2012) (ordering remand). The principal issue that defendant raises is whether, on remand, the trial court erred in denying defendant's motion for resentencing on his non-capital felony convictions. As we will explain, we conclude that the trial court did not err, and we therefore affirm.

In 2002, defendant assaulted his ex-girlfriend and, in a different incident the same day, killed a friend and committed theft from that victim. Defendant was charged with two alternative counts of aggravated felony murder and one count of intentional murder, along with 15 other felony and misdemeanor charges. Defendant pleaded guilty to the several charges that arose from his assault of his ex-girlfriend. The remaining charges, which arose from the murder of the friend, went to a jury trial. The jury found defendant guilty on all those charges (two counts of aggravated murder, one count of intentional murder, three counts of first-degree theft, and one count of second-degree theft). Based on the aggravated murder verdicts, the trial court held a penalty-phase proceeding. In that proceeding, the jury made findings to support the imposition of a death sentence on the two aggravated murder charges. The trial court subsequently imposed a sentence of death on each of the two aggravated murder convictions and also sentenced defendant on the intentional murder conviction, as well as each of the other felony and misdemeanor charges.

The case then came before us on automatic and direct review in *State v. Bowen*, 340 Or 487, 135 P3d 272 (2006) (*Bowen I*). We concluded that the trial court should have merged the two aggravated murder and the intentional murder convictions into a single aggravated murder conviction, should have enumerated separately each aggravating factor in the merged aggravated murder conviction, and should have imposed a single sentence of death. *Id.* at 295, 297. We therefore remanded "for entry of a corrected judgment of conviction, reflecting defendant's guilt on the charge of aggravated murder, based upon alternative aggravating

factors, and intentional murder, and imposing one sentence of death." *Id*. at 297. We rejected all other claims of error that defendant advanced on review.

On remand, the trial court merged the convictions as we had directed, but it failed to enumerate the aggravating factors. The case came before us a second time on automatic and direct review. *Bowen*, 352 Or 109 (*Bowen II*). In *Bowen II*, defendant argued that, under ORS 138.012(2)(a),[1] the trial court on remand should have resentenced him on the murder convictions, rather than simply enter a corrected judgment. We rejected defendant's claim of error. In doing so, we acknowledged some ambiguity in our analysis of the merger issues in *Bowen I*. *Bowen II*, 352 Or at 115. We determined, however, that the trial court correctly had understood that "this court's intended disposition in *Bowen I* was to remand solely for entry of a corrected judgment." *Id*. at 115-16, 118. Consequently, we concluded that the trial court had not erred in failing to conduct a resentencing proceeding. *Id*. at 118. On our own, however, we noted that the form of the judgment that the trial court entered on remand in *Bowen I* was not consistent with our remand instruction because it did not enumerate the aggravating factors underlying the merged aggravated murder convictions. *Id*. at 118-19. We therefore remanded the case to the trial court a second time, expressly directing the trial court to "enter a new corrected judgment" that enumerated those aggravating factors. *Id*. at 119, 121. After we issued our decision and the time ran for either party to seek reconsideration, we issued our appellate judgment. The terms of our judgment were identical to the so-called "tagline" of our opinion:

"The corrected judgment is reversed and remanded with instructions to again merge the aggravated murder and intentional murder convictions, and to separately enumerate the aggravating factors underlying the merged aggravated murder convictions. The conviction and the sentence of death are otherwise affirmed."

[1] ORS 138.012(2)(a) provides that, on automatic and direct review of a conviction and sentence of death for aggravated murder, if the court finds "prejudicial error" in the sentencing proceeding only, the court may set aside the death sentence and remand to the trial court for, at the state's election, entry of a sentence of life imprisonment or for a new penalty phase proceeding before a new sentencing jury.

On remand in *Bowen II*, defendant argued to the trial court that it should resentence defendant on "the whole case," in addition to correcting the form of the judgment in a way that was consistent with what this court had directed. The trial court declined defendant's invitation to go beyond the terms of our instruction on remand. Instead, the trial corrected the judgment exactly as this court in both its opinion and in the appellate judgment had directed.

On our third automatic and direct review of this case, defendant assigns error to the trial court's failure to resentence him on his noncapital, felony convictions.[2] In support of his claim of error, defendant's basic argument is that, under ORS 138.222(5)(b)[3], this court in *Bowen I* was statutorily required to remand for resentencing on those convictions; therefore, defendant asserts, the trial court erred by following the terms of this court's remand, rather than resentencing defendant as this court should have ordered.

---

[2] By way of a second assignment of error, defendant also argues that he was entitled to be personally present at the hearing below. His argument in that regard is dependent on the answer to the first issue. In effect, defendant urges he was entitled to be present because he was entitled to be resentenced. Because we reject defendant's argument that he was entitled to be resentenced, we reject his second claim of error without discussion.

[3] ORS 138.222(5) provides:

"(a) The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case.

"(b) If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts."

Defendant relies on paragraph (b) to assert that this court was obligated to remand the "entire case" for resentencing. The state argues that paragraph (b) does not apply because this court did not reverse any of the murder convictions within the meaning of that paragraph by directing that they be merged into a single conviction. According to the state, paragraph (a), instead, is the operative provision, and no remand for resentencing was required under it because this court did not determine that the sentencing court, in imposing the sentence, committed an error that requires resentencing. We do not sort through the parties' respective arguments at greater length or resolve them on their merits because we conclude that defendant's claim of error is not properly before us at this juncture.

We agree with the state that defendant may not now take issue with our disposition in *Bowen II* by predicating his claim of error on the trial court's adherence to the terms of our limited remand. As the state accurately points out, defendant assigns error to the trial court's failure to resentence him, but the argument that defendant makes in support of that claim is not that the trial court erred. Rather, defendant's argument is that *this court* erred when it failed to order resentencing on remand in *Bowen II* and ordered, instead, that the trial court correct the judgment in a specified way. Defendant does not dispute that the trial court did exactly as our opinion—and later, our corresponding appellate judgment—directed the trial court to do. A claim of trial court error simply cannot be predicated on the trial court having done what this court ordered it to do.

The real question that defendant presents is whether *this court* legally erred in *Bowen II*. The straightforward answer is that defendant has not raised that question in a timely and procedurally proper way. Defendant could have made his current argument on direct review in *Bowen II*. At that time, the only argument that defendant made was that, under ORS 138.012(2)(a), the disposition in *Bowen I* required resentencing on his murder convictions. He could have also argued, as he now does, that ORS 138.222(5)(b) required resentencing on his felony convictions as well. He did not, however, make that argument.

When this court issued its opinion in *Bowen II*, defendant had a second chance to raise the argument he now makes before our judgment became final. Specifically, he could have sought reconsideration of our disposition arguing as he now does that, even if resentencing on the murder convictions was not required, this court should order resentencing on the noncapital felony convictions. *See* ORAP 9.25(1) (procedure for filing reconsideration in Supreme Court); *cf.* ORAP 6.25(1)(b) (grounds for reconsideration on appeal include claimed error in disposition). Defendant did not seek reconsideration on that ground, however. When the time passed for petitioning for reconsideration, the appellate judgment issued. With that judgment, the terms of our remand to the trial court took effect, and

the trial court complied with those terms. Defendant should have disputed the terms of the remand by timely raising his arguments to this court in *Bowen II*, rather than asserting on this, his third review before this court, that the trial court erred in following our remand instructions. *See State v. Pratt*, 316 Or 561, 569, 853 P2d 827 (1993) (trial court does not err by declining to relitigate on remand an issue raised and resolved on appeal; appellate court's resolution becomes "law of the case" and binding on trial court and appellate court alike). For those reasons, we conclude that the trial court did not err in denying defendant's request to be resentenced on remand.

The judgment of conviction and sentence of death are affirmed.