Argued and submitted November 15, 2016; convictions on Counts 1 and 6 reversed and remanded for entry of a judgment of conviction for one count of felony first-degree animal abuse, remanded for resentencing, otherwise affirmed February 23, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT SILVER,
*Defendant-Appellant.*

Polk County Circuit Court
14CR00565; A158651

391 P3d 962

Erica Herb, Deputy Public Defender, argued the cause for appellant. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jamie K. Contreras, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**GARRETT, J.**

Defendant was found guilty on multiple counts of animal abuse, based on his failure to provide minimally adequate care for his herd of alpacas. Those counts included a felony count (Count 1) and a misdemeanor count (Count 6) of first-degree animal abuse, both of which involved the failure to provide care for the same animal. On appeal, defendant argues, among other contentions, that the trial court erred by entering separate convictions on Counts 1 and 6 rather than merging the guilty verdicts for those counts into a single conviction.

The state concedes that the trial court erred in failing to merge the guilty verdicts on Counts 1 and 6, and it further concedes that, under our existing case law—specifically, *State v. Skaggs*, 275 Or App 557, 560-61, 364 P3d 355 (2015), *rev den*, 359 Or 667 (2016)—the error is one that involves the reversal of a judgment of conviction under ORS 138.222(5)(b), which triggers an automatic remand for resentencing on all affirmed counts. However, the state argues that *Skaggs* was wrongly decided and urges us to overrule it. According to the state, merger errors like the one committed in this case should instead be governed by paragraph (a) of ORS 138.222(5), which allows this court to determine whether or not an error is one that actually "requires resentencing." In the state's view, because the sentence on Count 6 runs concurrently with a longer sentence on Count 1, the merger error in this case does not "require resentencing" and can be remedied simply by a remand for entry of a "corrected judgment" that reflects a single conviction for Counts 1 and 6. Thus, the state asks that we remand with that more limited disposition and otherwise affirm with regard to defendant's sentences. For the reasons that follow, the state has not persuaded us to overrule our decision in *Skaggs*. Accordingly, we reverse and remand for resentencing based on the trial court's failure to merge the guilty verdicts on Counts 1 and 6, which obviates the need to address defendant's remaining assignments of error concerning sentencing.[1]

---

[1] The trial court sentenced defendant to terms of 36 months in prison on Count 1 and Count 2 (second-degree animal abuse), to be served concurrently, and one-year jail terms on Counts 3 through 18, each to be served concurrently

As described above, defendant's merger argument concerns two counts of first-degree animal abuse under ORS 167.330. Under that statute, first-degree animal abuse is a misdemeanor, unless certain aggravating factors are present, in which case it becomes a Class C felony. ORS 167.330(2), (3). One of those aggravating factors is that the offense was part of an episode involving 10 or more animals. ORS 167.330(3). In addition, if more than 40 animals were neglected, the crime category classification for the offense is increased for sentencing purposes. ORS 167.330(4).

In this case, the state separately alleged a felony (Count 1) and a misdemeanor (Count 6) under ORS 167.330 based on defendant's conduct toward one of his alpacas, an animal identified as number "5."[2] After defendant was found guilty on those counts, the prosecutor acknowledged that the two guilty verdicts should merge into a single conviction for first-degree animal abuse. Nonetheless, the trial court's judgment reflects two separate convictions for first-degree animal abuse on Counts 1 and 6. That was error, as the state correctly concedes, because both counts involved the

---

with all other sentences. On appeal, defendant argues that the 36-month prison terms for Counts 1 and 2 were constitutionally disproportionate, and that the restitution award—$15,622.09 to reimburse the Polk County Sheriff's Office for the costs that it incurred in caring for the entire herd of alpacas—was unauthorized. In light of our remand for resentencing on all affirmed counts, we do not address defendant's challenges to the proportionality of his sentences or to restitution. *See State v. Davilla*, 280 Or App 43, 70, 380 P3d 1003 (2016) (explaining that "[p]roportionality challenges require us to evaluate, among other things, the severity of the penalty and the gravity of the crime," and that, "given our remand for resentencing, there is no penalty to evaluate; accordingly, any proportionality analysis at this point would be advisory in nature"); *State v. Dahl*, 256 Or App 848, 849 n 1, 302 P3d 480 (2013) (declining to reach issues relating to restitution in light of an error in failing to merge guilty verdicts into a single conviction, because "the entire case (including the restitution award) must be remanded for resentencing").

[2] In Count 1, the state alleged that defendant had "unlawfully and recklessly and with criminal negligence fail[ed] to provide minimum care for an animal, to-wit: adult brown female, ID number '5', an animal in defendant's custody or control, such failure resulting in the death of the animal." The state further alleged the additional factors—an episode involving more than 10 animals, and more than 40 animals neglected—to make the crime a felony with a category 7 classification. In Count 6, the state alleged that, "[a]s part of the same act or transaction as Count 1," defendant had "unlawfully and recklessly and with criminal negligence fail[ed] to provide minimum care for an animal, to-wit: adult brown female, ID number '5', an animal in defendant's custody or control, such failure resulting in the death of the animal." Count 6 did not include the additional allegations regarding the number of animals that had been neglected.

same statutory provision, the same criminal episode, and the same victim. *See* ORS 161.067 (a defendant has committed "separately punishable offenses" when the "same conduct or criminal episode" violates two or more statutory provisions, each requiring proof of an element the others do not; involves two or more victims; or involves repeated violations of the same statutory provision against the same victim if separated by "sufficient pause").

The disputed issue on appeal is the consequence of that merger error. Just over a year ago, in *Skaggs*, we held that an error in failing to merge guilty verdicts is one that requires resentencing under ORS 138.222(5)(b). In *Skaggs*, as in this case, the state conceded that the trial court erred by failing to merge two guilty verdicts, but it argued that a remand for resentencing was unnecessary, relying on ORS 138.222(5)(a). We described that argument as follows:

> "[T]he state urges us to reverse and remand for entry of a corrected judgment that merges defendant's convictions rather than to remand for resentencing. We should do so, the state asserts, because defendant received concurrent sentences on the two convictions and nothing in the judgment or record 'suggests that merger of the two convictions would have any effect at all on the overall disposition' of the case. The state further argues that, because the error can be fixed by the trial court's entry of a corrected judgment, the error in question is not one that 'requires resentencing' under ORS 138.222(5)(a)."

275 Or App at 559-60.

We rejected the state's argument, reasoning that "[t]his situation is controlled by ORS 138.222(5)(b), which provides that, '[i]f the appellate court, in a case involving multiple counts of which at least one is a felony, *reverses the judgment of conviction on any count* and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts.'" 275 Or App at 560 (emphasis in *Skaggs*). We explained that, "because we are reversing the judgment of conviction on two of defendant's felony counts, and affirming defendant's third felony conviction, ORS 138.222(5)(b) requires that we '*shall* remand the case to the trial court for resentencing on the affirmed count or counts.'" 275 Or App at 560 (emphasis in

*Skaggs*). Thus, we reversed and remanded for resentencing, notwithstanding the state's contention that resentencing would be "a waste of resources" because "defendant will receive the same sentence on remand." *Id.* at 561.

The state now contends that *Skaggs* wrongly decided that a merger error involves the reversal of a judgment of conviction for purposes of ORS 138.222(5)(b). In the state's view, that paragraph was never intended to apply to merger errors and addresses only the limited circumstance in which an appellate court reverses the underlying *adjudication of guilt*, so we should overrule *Skaggs* and direct a more limited remand in this case, as authorized by ORS 138.222(5)(a) ("*If* the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that *requires resentencing*, the appellate court shall remand the entire case for resentencing." (Emphasis added.)).

As we recently reiterated in *State v. Civil*, 283 Or App 395, 416, 388 P3d 1185 (2017), "we must not, and do not, 'lightly overrule' our precedents, including those construing statutes." (Quoting *Aguilar v. Washington County*, 201 Or App 640, 648, 120 P3d 514 (2005), *rev den*, 340 Or 34 (2006)). We only overrule cases that are "plainly wrong, a rigorous standard grounded in presumptive fidelity to *stare decisis*." *Id.* at 406 (internal quotation marks omitted). "Such revisiting of statutory construction precedent, while necessarily quite rare, usually occurs when our precedent cannot be reconciled with the result that would follow application of a prescribed (or subsequently prescribed) mode of analysis or when we are presented with a qualitatively new, potentially dispositive contention not previously raised and addressed." *Id.* at 416.

The state contends that this case presents the latter circumstance, because we decided *Skaggs* without the benefit of briefing regarding the correct interpretation of ORS 138.222(5)(b). That is, although the defendant in *Skaggs* sought a remand as a result of a merger error, he had not identified the statutory source of authority for that remand, and the state had expressly argued that the case was governed by ORS 138.222(5)(a); thus, neither party addressed the applicability of ORS 138.222(5)(b).

Although the state is correct that we construed the statute in *Skaggs* without briefing from the parties, that alone is not a sufficient basis on which to overrule our previous construction. "[W]e begin with the assumption that issues considered in our prior cases are correctly decided, and 'the party seeking to change a precedent must assume responsibility for affirmatively persuading us that we should abandon that precedent.'" *Farmers Ins. Co. v. Mowry*, 350 Or 686, 698, 261 P3d 1 (2011) (internal quotation marks omitted). Here, the state has not advanced any new argument that seriously undermines the conclusion we reached in *Skaggs*.

First, and most fundamentally, the state does not offer a compelling argument as to why the plain text of ORS 138.222(5)(b) excludes merger errors. The state frames the "precise question" of statutory construction as "whether the operative phrase in ORS 138.222(5)(b)—*viz.*, 'reverses the judgment of conviction on any count and affirms other counts'—is a reference to the *judgment* itself or rather only a reference to the underlying *adjudication of guilt*." (Emphases by the state.) The state then argues:

> "Although paragraph (b) uses the phrase '*judgment* of conviction,' it also limits its application only to those cases in which the appellate court '*reverses*' the judgment of conviction on any count but nonetheless '*affirms*' other counts.' *** [G]iven that the statute speaks in terms of an appellate court that 'reverses' one or more of the convictions while it 'affirms' one or more of the others, it necessarily is speaking only of *the adjudications of guilt* on the individual counts, not the single, final written judgment entered in the case."

(Emphases by the state.)

The state's argument assumes a false dichotomy: the "single, final written judgment" versus the "adjudications of guilt." Although it might simplify matters if the criminal law could be divided that cleanly, the phrase "judgment of conviction" is often used in reference to the individual judicial determinations, embodied within a single judgment document, that are entered on guilty adjudications and serve as the basis for a sentence. *See, e.g., State v. Martine*,

277 Or App 360, 362, 371 P3d 510 (2016) (remanding for the trial court to "enter *judgments of conviction* for attempted tampering with physical evidence and attempted hindering prosecution, and for resentencing," notwithstanding the fact that both counts were adjudicated in a single judgment document (emphasis added)). In fact, that understanding of "judgment of conviction" is the more natural one in this context. After all, ORS 138.222 is about sentencing (and resentencing), and sentences generally attach to individual convictions that are reflected in the judgment entered by the court; they do not attach to adjudications of guilt or the judgment document as a whole. *See State v. White*, 341 Or 624, 636, 147 P3d 313 (2006) (adhering to the view, expressed in *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), that the term "separately punishable offense" in the antimerger statute refers "only to a conviction *entered in the ultimate judgment*, to which some sentence could attach" (emphasis in *White*)); *accord State v. Partain*, 349 Or 10, 20-21, 239 P3d 232 (2010) (stating, in *dicta*, that "ORS 138.222(5)(b), adopted in 2005 (Or Laws 2005, ch 563, § 1), extends the general approach of ORS 138.222(5)(a), allowing trial courts to *resentence a defendant on any judgments of convictions* that are affirmed on appeal, if any other judgment of conviction in the same case is reversed on appeal" (emphasis added)). For that reason, the state's textual argument does not persuade us that we were plainly wrong to apply ORS 138.222(5)(b) to circumstances where, because of the reversal of a merger error, there will be fewer "judgments of conviction" upon which to impose a sentence.

Nor does the state's explanation of the legislative history of ORS 138.222(5)(b) convince us to overrule *Skaggs*. The state points out that the "impetus for the bill," House Bill (HB) 2224 (2005), was this court's opinions in *State v. Fry*, 180 Or App 237, 42 P3d 369 (2002), and *State v. Rodvelt*, 187 Or App 128, 66 P3d 577, *rev den*, 336 Or 17 (2003). *See, e.g.*, Exhibit B, House Committee on Judiciary, HB 2224, Feb 1, 2005 (testimony of Assistant Attorney General Jonathan H. Fussner, describing the bases for the bill). In those two cases, we had reached divergent conclusions as to whether the trial court errors required resentencing. In *Fry*, we reversed several of the defendant's rape convictions based

on insufficiency of the evidence but declined to remand for resentencing on the affirmed counts. 180 Or App at 246. Then, in *Rodvelt*, we accepted the state's concession that the trial court erred in entering separate convictions for fourth-degree assault and first-degree criminal mistreatment, but we agreed with the state's contention that the case *should* be remanded for resentencing. Our decision in *Rodvelt* was based on the provision that is now paragraph (a) of ORS 138.222(5), which provided, in part, "'If the appellate court determines that the sentencing court, in imposing a sentence in the case, *committed an error that requires resentencing*, the appellate court shall remand the entire case for resentencing.'" 187 Or App at 131 (quoting ORS 138.222(5) (2003); emphasis added).

In the state's view, that history suggests that the legislature intended merger errors to continue to be addressed, as they were in *Rodvelt*, under the text that is now paragraph (a), and intended for the reversal of adjudications of guilt (at issue in *Fry*) to be resolved under the new paragraph (b). But the legislative history cited by the state, although in some ways consistent with the state's theory, also refers to "codifying" *Rodvelt*, *see* Staff Measure Summary, Senate Committee on Judiciary, HB 2224 (2005) ("Codifies Court of Appeals ruling in *State v. Rodvelt*, 187 Or App 128 (2003)"), and refers to "clarif[ying] an area of law that is handled differently at the appellate level depending on the panel of judges," *see* Staff Measure Summary, House Committee on Judiciary, HB 2224 (2005). Thus, the state's proffered legislative history is also consistent with the view that ORS 138.222(5)(b) was enacted to preclude any judicial determination about the proper remedy—that is, to statutorily *require* a remand whenever one of multiple convictions is reversed, including the situation in *Rodvelt*, so that whether to remand was no longer subject to an appellate panel's determination as to whether such errors "require resentencing."

Furthermore, *Rodvelt* itself undermines the state's contention that the legislature, in responding to that opinion, necessarily would have understood merger errors to result in something other than the reversal of a "judgment

of conviction." In *Rodvelt*, we repeatedly referred to the merger error in that case as one that involved "reversal of a conviction." In fact, we equated the "reversal of a conviction" based on merger errors with those circumstances in which we reverse a conviction based on the trial court's failure to grant a motion for a judgment of acquittal. 187 Or App at 132 ("Given the way that sentences are calculated under the felony sentencing guidelines, we conclude that, *when some but not all convictions in a case are reversed,* there necessarily has been an 'error in imposing a sentence in the case,' and such an error 'requires resentencing.'" (Emphasis added.)); *id.* at 132-34 (providing two examples to demonstrate the flaws in the dissent's opposition to resentencing, both of which involved a trial court's error in denying a motion for a judgment of acquittal); *id.* at 135 ("In sum, the dissent is flatly wrong in suggesting that sentencing errors that *flow from erroneous convictions* are not the type of 'sentencing errors' addressed by ORS 138.222(5). As shown by our examples above, *reversal of a conviction* often has a great deal to do with the sentencing of other offenses, and thus the dissent's proposition that those other sentences are not affected by the error is incorrect." (Emphases added.)). If anything, the legislature's awareness of *Rodvelt* cuts against the state's suggestion that the legislature would have had in mind a clear distinction between merger errors and the reversal of adjudications of guilt.

Next, we turn briefly to the state's suggestion that our disposition in *Skaggs* is somehow inconsistent with previous Supreme Court decisions. In particular, the state cites a capital case, *State v. Bowen*, 352 Or 109, 121, 282 P3d 807 (2012), as a case "finding only merger error and remanding only for entry of [a] corrected judgment." Yet the state neglects to cite the subsequent history of that case. In a later decision after remand, the defendant in *Bowen* took issue with the limited scope of the remand; his "basic argument [was] that, under ORS 138.222(5)(b), [the Supreme Court in an earlier appeal] was statutorily required to remand for resentencing on those convictions; therefore, defendant asserts, the trial court erred by following the terms of this court's remand, rather than resentencing defendant as this court should have ordered." *State v. Bowen*, 355 Or 469, 473,

326 P3d 1162 (2014) (footnote omitted). The court rejected that new argument on the ground that the defendant had not raised ORS 138.222(5)(b) in the earlier appeals, despite ample opportunity to do so. *Id.* at 474 ("Defendant could have made his current argument on direct review * * *. He could have also argued, as he now does, that ORS 138.222(5)(b) required resentencing on his felony convictions as well. He did not, however, make that argument."). In a footnote, the Supreme Court expressly reserved any decision on the merits of the defendant's contention regarding the applicability of ORS 138.222(5)(b) to the merger errors in that case:

"Defendant relies on paragraph (b) to assert that this court was obligated to remand the 'entire case' for resentencing. The state argues that paragraph (b) does not apply because this court did not reverse any of the murder convictions within the meaning of that paragraph by directing that they be merged into a single conviction. According to the state, paragraph (a), instead, is the operative provision, and no remand for resentencing was required under it because this court did not determine that the sentencing court, in imposing the sentence, committed an error that requires resentencing. *We do not sort through the parties' respective arguments at greater length or resolve them on their merits because we conclude that defendant's claim of error is not properly before us at this juncture.*"

*Id.* at 473 n 3 (emphasis added). In short, neither *Bowen*, nor the other Supreme Court decisions cited by the state,[3] casts any doubt on our holding in *Skaggs*.

Finally, we observe that ORS 138.222(5)(b) was enacted because of the state's concern that we were not

[3] The state also cites two other capital cases, *State v. Tiner*, 340 Or 551, 567-68, 135 P3d 305 (2006), *cert den*, 549 US 1169 (2007), and *State v. Acremant*, 338 Or 302, 340, 108 P3d 1139, *cert den*, 546 US 864 (2005), as examples of cases in which the Supreme Court remanded for entry of a corrected judgment after finding only merger errors. The state acknowledges that neither case "specifically addresses" ORS 138.222(5), but argues that "the fact that the court remanded only for entry of a corrected judgment suggested that the court assumed that ORS 138.222(5)(a)—rather than ORS 138.222(5)(b)—governed its remedial authority when the only error is a failure to merge adjudications of guilt." The better explanation of those decisions is that the Supreme Court assumed (correctly) that ORS 138.222(5)(b) could not apply to those appeals, which were filed before January 1, 2006. *See* Or Laws 2005, ch 563, § 2 ("The amendments to ORS 138.222 by section 1 of this 2005 Act apply to appeals filed on or after the effective date of this 2005 Act.").

remanding in every case in which one of multiple convictions was reversed, and it proposed a broadly worded statutory fix that eliminated this court's ability to fashion a narrower remand. If the state is now concerned that ORS 138.222(5)(b), as construed by this court, gives the state more than it asked for, that concern likewise can be addressed by the legislature—yet another reason not to overrule *Skaggs* under these circumstances. *See Mowry*, 350 Or at 697 (explaining that "the legislature's constitutional role allows it to make any change or adjustment in the statutory scheme that it deems appropriate" after a court's construction of a statute, and that "[t]he legislature can—and often does—amend a statute that this court has interpreted to clarify or change the statute or otherwise to advance the policy objectives that the legislature favors").

For the foregoing reasons, we conclude that the state has failed to demonstrate that our decision in *Skaggs* should be overruled. Accordingly, we adhere to that decision and, based on the trial court's failure to merge the guilty verdicts on Count 1 and Count 6, remand for resentencing under ORS 138.222(5)(b).

Convictions on Counts 1 and 6 reversed and remanded for entry of a judgment of conviction for one count of felony first-degree animal abuse; remanded for resentencing; otherwise affirmed.