No. 62          January 31, 2024          511

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN MICHAEL McKINNEY,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR04966; A177575

Ulanda L. Watkins, Judge.

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded for entry of judgment of one conviction for fourth degree assault; remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of strangulation – constituting domestic violence, ORS 163.187(4) (Count 1), two counts of assault in the fourth degree – constituting domestic violence, ORS 163.160(2) (Counts 2 and 3), and one count of harassment, ORS 166.065 (Count 4). Defendant raises two assignments of error. In the first, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on the strangulation charge. As set forth below, we reject that assignment without extensive discussion. In the second, defendant contends that the trial court plainly erred when it failed to merge the two guilty verdicts for assault in the fourth degree. The state concedes that error and we accept that concession. We exercise our discretion to correct that error, and we reverse and remand for resentencing so that the trial court can merge the two fourth-degree assault verdicts into one conviction.

A recitation of the underlying facts will not benefit the bench, the bar, or the public. The parties are aware of the facts. As noted, defendant contends that the trial court erred in denying his motion for judgment of acquittal on the strangulation charge, arguing that there was no evidence that defendant "knowingly impede[d] the normal breathing" of the victim as required by ORS 163.187(1). Following our review, we conclude that, viewing the record in the light most favorable to the state, as we must, there was sufficient evidence from which a rational factfinder, making reasonable inferences, could find beyond a reasonable doubt that defendant knowingly impeded the normal breathing of the victim. *See State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (discussing the standard of review for the denial of a motion for judgment of acquittal).

We turn to defendant's second assignment of error. Defendant contends that the trial court plainly erred in not merging the two guilty verdicts for fourth-degree assault into one conviction, arguing that the assault charges arose out of one continuous criminal episode. The state concedes the plain error. We agree. We also exercise our discretion to correct the error. *See State v. Bryan*, 244 Or App 160, 162 &

n 1, 260 P3d 617 (2011) (exercising discretion to correct plain error in similar circumstances).

The assault verdicts must merge when the assault is on one victim and occurs in one criminal episode unless there are multiple violations of the assault statute and each violation is "separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3); *see also State v. Campbell*, 265 Or App 132, 137-38, 333 P3d 1220 (2014) (explaining the same). Having reviewed the record, there is no evidence from which a reasonable factfinder could find a sufficient pause in defendant's conduct such that defendant had an opportunity to renounce his criminal intent. Rather, this falls in the line of case law where we have merged the assault verdicts where there is a "continuous and uninterrupted attack of a victim." *See id.* at 138-39 (summarizing case law). As a result, we reverse and remand for resentencing following the merger of the two guilty verdicts for assault. ORS 138.257(4).

Reversed and remanded for entry of judgment of one conviction for fourth degree assault; remanded for resentencing; otherwise affirmed.