Argued and submitted November 6, 1991, decision of Court of Appeals reversed, and case remanded to that court for further proceedings October 22, 1992

STATE OF OREGON,
*Respondent on Review,*

*v.*

DAVID DEAN SULLENS,
*Petitioner on Review.*

(CC 89-CR-0005-TM; CA A62348; SC S38221)

839 P2d 708

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause and filed the petition for petitioner on review. With her on the petition was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, filed the response and argued the cause for respondent on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

FADELEY, J.

## FADELEY, J.

The issue before this court is whether the trial court's denial of defendant's motion for a new trial based on newly discovered evidence is reviewable on appeal.

After a judgment of conviction of first degree burglary and theft was entered against defendant, he moved for a new trial based on newly discovered evidence. ORCP 64B(4).[1] The trial court did not rule on defendant's motion within the statutorily specified time limit and, therefore, the motion was deemed denied.[2]

Defendant appealed from the judgment of conviction and assigned the denial of the motion for new trial as the only error. The Court of Appeals held that it had jurisdiction to hear defendant's appeal but that it lacked the ability to review the denial of the motion for a new trial. Accordingly, the Court of Appeals affirmed without reaching the merits. *State v. Sullens*, 106 Or App 590, 809 P2d 700 (1991). The Court of Appeals' ruling that it lacked the power to review the order denying the motion, for reasons stated below, is erroneous.[3]

---

[1] ORS 136.535(4) makes the ORCP applicable in part to criminal appeals. ORCP 64 in part provides:

"A. A new trial is a re-examination of an issue of fact in the same court after judgment.

"B. A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B.(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial.

"* * * * *

"F. A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed * * * after the entry of the judgment sought to be set aside, or such further time as the court may allow."

[2] ORS 136.535(3) states:

"The motion shall be heard and determined by the court within 20 days after the time of entry of the judgment, and if not heard and determined within that time, the motion shall conclusively be considered denied."

[3] For a general discussion of the difference between reviewability and appealability, *see State v. Montgomery*, 294 Or 417, 657 P2d 668 (1983). *See also Logsdon v. State and Dell*, 234 Or 66, 70, 380 P2d 111 (1963) ("The right to appeal is statutory and subject to any limitations imposed by the statute conferring the right.").

The Court of Appeals interpreted ORS 138.053[4] and 138.040 as allowing the appeal but not as providing authority for that court to review the order denying a new trial. The court based its decision on the language of the statutes and relied on *State v. Montgomery*, 294 Or 417, 657 P2d 668 (1983), discussed *post*.

ORS 138.040(1), concerning reviewability, provides:

"The appellate court may review:

"(a)   Any decision of the court in an intermediate order or proceeding.

"(b)   Any disposition described under ORS 138.053 as to whether it:

"(A)   Exceeds the maximum allowable by law; or

"(B)   Is unconstitutionally cruel and unusual."

We note that review is permitted of "intermediate order[s]," although that term is not defined. The Court of Appeals decided that the order denying a new trial was not reviewable, because it was not an "intermediate order" as that term was explained by *State v. Montgomery, supra.*

In *Montgomery*, the defendant first appealed the judgment of conviction and thereafter made a post-judgment motion to the trial court to obtain a complete transcript at state expense. The trial court denied the motion. This court ruled that the denial of the motion for a transcript was not an "intermediate order," because it came *after* the judgment already on appeal and, thus, that the Court of Appeals could

---

[4] ORS 138.053(1) provides:

"This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and 138.050. A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050 if this disposition includes any of the following:

"(a)   Imposes a sentence or conviction.

"(b)   Suspends imposition or execution of sentence.

"(c)   Places a defendant on probation.

"(d)   Extends a period of probation.

"(e)   Imposes or modifies a condition of probation or of sentence suspension.

"(f)   Imposes or executes a sentence upon revocation of probation or sentence suspension."

not review the trial court's ruling on the motion. 294 Or at 422.

The Court of Appeals misconstrued the holding in *Montgomery*. As footnote 1 of that opinion stated:

> "There exists a body of law holding that a denial after judgment of a motion for a new trial may be reviewed upon an appeal from the judgment, where the motion is based upon juror misconduct or *newly discovered evidence. Klemgard v. Wade Seed Co.*, 217 Or 409, 420, 342 P2d 757 (1959); *Benson v. Birch*, 139 Or 459, 466-68, 10 P2d 1050 (1932); *Estate of Gerhardus*, 116 Or 113, 118, 239 P 829 (1925); *State v. Evans*, 98 Or 236, 237, 193 P 927 (1920). *See also* ORS 136.535; ORCP 64A, B, D-G. *Our holding today should not be taken to undercut this body of law." Id.* at 422 n 1. (Emphasis added.)

A fair reading of *Montgomery*, including the footnote, is that ORS 138.040 provides that orders entered after a judgment that is appealed are not reviewable, *except* for orders denying motions for a new trial based on newly discovered evidence or juror misconduct.

Our reading of *State v. Montgomery, supra,* requires us to analyze the applicable case law, referred to in footnote 1 in *State v. Montgomery, supra.* These cases have held that an order denying a motion for a new trial based on newly discovered evidence is reviewable on appeal. The present case is similar to *State v. Evans, supra,* which also involved a motion for new trial because of newly discovered evidence. The defendant in *Evans* appealed his conviction and assigned error to the trial court's failure to rule on the merits of his motion for a new trial based on newly discovered evidence. This court held:

> "An order denying a motion for a new trial is of course [by itself] not appealable; for, if reviewable at all, it can only be reviewed by an appeal from the judgment against which the motion was directed. The order denying the motion is reached by appealing from the judgment rendered in the case.
>
> "* * * * *
>
> "* * * [I]t is now the rule that an order denying a motion for a new trial is assignable as error, and will be reviewed on

appeal if the motion is based upon newly discovered evidence." 98 Or at 237, 240.

Just as in *Evans*, defendant in the present case appealed from the judgment. *State v. Evans, supra,* controls the outcome in this case. The continuing vitality of the ruling in *Evans* is demonstrated by a review of the history of ORS 138.040 and its predecessors.

In 1920, the equivalent statute to ORS 138.040 was Olson's Oregon Laws 1920, section 1606, which stated:

> "An appeal to the supreme court may be taken by the defendant from a judgment on a conviction in a circuit court, * * * and upon an appeal, any actual decision of the court, in an *intermediate order of proceeding forming a part of the judgment roll, as prescribed in section 1582, may be reviewed*." Olson's Oregon Laws § 1606 (1920) (Emphasis added.)

Section 1582 (1920) described the judgment roll:

> "Immediately after the entry of judgment, the clerk must prepare and annex together the following papers, which constitute the judgment roll:
>
> "1. The indictment and demurrer, if there be one;
>
> "2. A copy of the journal entry of the plea, the trial and verdict, *and of any order involving the merits and necessarily affecting the judgment* * * *." (Emphasis added.)

By 1953, section 1606 had become ORS 138.040, which referred to the counterpart to Olson's Oregon Laws 1920, section 1582 — ORS 137.190. These statutes remained relatively unchanged until 1959, when the legislature, in an effort to reform the appellate process, repealed ORS 137.190 (1953), and re-enacted that statute as ORS 137.220 without the phrase "and of any order involving the merits and necessarily affecting the judgment." The legislature also deleted the reference in ORS 138.040 to ORS 137.190. Or Laws 1959, ch 558, §§ 32, 33, 36.

The importance of this change is that the language in Olson's Oregon Laws 1920, section 1606, makes it easier to find a statutory basis underlying *State v. Evans, supra,* when it held that the order in question was reviewable. The order in *State v. Evans, supra,* and in the present case, unlike the one in *State v. Montgomery, supra,* necessarily affected the judgment and

thus was reviewable under the version of ORS 138.040 applicable at the time *State v. Evans, supra,* was decided.

However, the purpose of the change deleting the language can be found in the report of an interim legislative committee in 1959, which proposed the legislation removing ORS 137.190. Speaking of recommended changes in the statutes concerning civil appeals, the committee said:

> "No change has been made in the definitions of appealable orders, found in ORS 19.010. Generally speaking, Oregon follows the 'final judgment rule,' namely that only judgments or orders which have final effect can be appealed. This rule is regarded as sound by most experts on appellate procedure and relaxation of it would only increase the Supreme Court's docket problems. Accordingly, the bill covers *how to appeal, not what may be appealed.*" Report of the Legislative Interim Committee on Judicial Administration, at p 74 (Jan. 1, 1959) (emphasis in original).

The committee later stated that the changes in the criminal appeals were in line with the civil ones. *Id.* at 82. Therefore, it seems clear that the committee and the legislature intended to change the appellate process only as far as what went into the record, not to change what was appealable or reviewable by the court, when they eliminated the phrase "and of any order involving the merits and necessarily affecting the judgment" from the appellate jurisdiction statutes.

Significantly, even after this language was removed from ORS 138.040, the rule in *State v. Evans, supra,* was preserved in *Thomas v. Dad's Root Beer,* 225 Or 166, 356 P2d 418, *adhered to* 225 Or 172, 357 P2d 418 (1960). This court stated:

> "The rule that the assignment of error of a denial of a motion for a new trial will not be reviewed on appeal has a well-recognized exception. Where the motion for a new trial is based upon misconduct of a juror, which did not come to the knowledge of the party making the motion for a new trial until after the verdict is returned, or where there has been newly discovered evidence which was not known at the time of trial, the denial of a motion for a new trial will be considered on appeal." 225 Or at 169-70 (citing *State v. Evans, supra; Benson v. Birch, supra; Sullivan v. Carpenter,* 184 Or 485, 199 P2d 655 (1948); and *Klemguard v. Wade Seed Co., supra.*)

The last change to ORS 138.040 that should be considered was in 1989, when ORS 138.053, which was relied on by the Court of Appeals in its decision in this case, was added by Oregon Laws 1989, chapter 849, section 3. ORS 138.040 was amended by section 4 to accommodate that new provision. Nowhere in the legislative history can the intent be found to change what had been reviewable under ORS 138.040, or to eliminate from review orders denying new trials based on newly discovered evidence. Instead, the language to which *State v. Evans, supra,* and *Thomas v. Dad's Root Beer, supra,* spoke remained unchanged.

This court will continue to interpret ORS 138.040 as it did in *State v. Evans, supra,* because there has since been no legislative change to the statute. "When this court interprets a statute, that interpretation becomes a part of the statute as if written into it at the time of its enactment." *Walther v. SAIF,* 312 Or 147, 149, 817 P2d 292 (1991). Because this court has interpreted ORS 138.040 to include allowing review on appeal of an order denying a motion for a new trial based on juror misconduct or newly discovered evidence, and the statute has not been changed in a relevant way since this court's interpretation, this interpretation remains part of the statute. Moreover, ORS 138.071(2)[5] clearly contemplates that a denial of a motion for new trial shall be among the decisions of a trial court that may be considered on an appeal of that court's judgment.

Our review of the relevant statutes and case law leads to the conclusion that the motion for a new trial based on newly discovered evidence can be reviewed by the Court of Appeals. The decision of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings.

---

[5] ORS 138.071(2) provides:

"If a motion for a new trial or motion in the arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion; or

"(b) The date on which the motion is deemed denied, as provided in ORS 136.535."

Unless the motions mentioned were expected to be reviewable, there is little reason to start the 30 days for appeal running from the time of action on those motions.