Submitted on record and briefs October 31, convictions for second-degree kidnapping reversed; remanded for resentencing; otherwise affirmed November 28, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDUARDO ALVAREZ-VEGA,
aka Eduardo Alvarezvega,
*Defendant-Appellant.*

Multnomah County Circuit Court
031236371; A126068

172 P3d 285

Peter Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Eduardo Alvarez-Vega filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

**PER CURIAM**

Defendant was convicted of four counts of first-degree robbery, ORS 164.415, five counts of second-degree kidnapping, ORS 163.225, two counts of first-degree theft, ORS 164.055, and two counts of second-degree theft, ORS 164.045. On appeal, he argues that the trial court erred in denying his motion for judgment of acquittal on the five counts of second-degree kidnapping. We agree and reverse those convictions.

Each of the five second-degree kidnapping convictions was based on a theory that defendant, by ordering the victims of his robberies to lie on the floor before he fled the scene, substantially interfered with each victim's personal liberty by taking that victim from one place to another. ORS 163.225(1)(a). Defendant argues, and the state concedes, that that theory of second-degree kidnapping is not tenable in light of the Oregon Supreme Court's decision in *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), and our decision in *State v. Douglas*, 203 Or App 22, 125 P3d 751 (2005), *rev den*, 340 Or 157 (2006). In light of the analyses and holdings of those cases, we accept the state's concession.

Convictions for second-degree kidnapping reversed; remanded for resentencing; otherwise affirmed.