Submitted December 20, 2010, affirmed February 16, petition for review denied
May 5, 2011 (350 Or 297)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EDUARDO ALVAREZ-VEGA,
aka Eduardo Alvarezvega,
*Defendant-Appellant.*

Multnomah County Circuit Court
031236371; A142018

251 P3d 199

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Eduardo Alvarez-Vega filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Samuel A. Kubernick, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted on multiple counts of first-degree robbery, first-degree theft, and second-degree theft, argues that the trial court erred in denying his motion for a new trial pursuant to ORCP 64 B(6). In a *pro se* supplemental brief, defendant raises additional assignments of error, which we reject without discussion. As explained below, defendant's assignment of error pertaining to the trial court's ruling on his motion for a new trial is not reviewable. We therefore affirm.

Defendant initially was convicted in 2004 on multiple counts of first-degree robbery, first-degree kidnapping, first-degree theft, and second-degree theft. On appeal, he contended, and we agreed, that the kidnapping convictions should be reversed. *State v. Alvarez-Vega*, 216 Or App 320, 172 P3d 285 (2007), *rev den*, 344 Or 401 (2008). We reversed the kidnapping convictions, affirmed the other convictions, and remanded the case for resentencing. The trial court resentenced defendant and subsequently entered an amended judgment. Defendant filed a motion for a new trial pursuant to ORS 136.535(3) and ORCP 64 B(6), contending, as pertinent here, that the trial court committed an error of law in denying his motion for a continuance on the first day of trial because he wished to retain a new lawyer. The trial court denied that motion, and defendant filed the present appeal.

On appeal, defendant contends that the trial court, in refusing to grant a continuance during the first day of trial so that his family could attempt to retain a different lawyer for him, violated his right to "assistance of counsel" under the Sixth Amendment to the United States Constitution. The state makes several responses: (1) that the trial court's ruling is unreviewable by this court; (2) that the trial court lacked authority to entertain defendant's motion for a new trial on the merits because our remand of the case was limited to resentencing; and (3) that the trial court's ruling was correct on the merits. We do not reach the state's second and third arguments, because we agree with its first argument.[1]

---

[1] By concluding that defendant's claim of error is unreviewable, we do not wish to leave the impression that a motion for a new trial based on alleged error in the

ORCP 64 B provides in pertinent part that a court may grant a new trial for, among other things, jury misconduct, ORCP 64 B(2), newly discovered evidence, ORCP 64 B(4), or an "[e]rror in law occurring at the trial and objected to or excepted to by the party making the application," ORCP 64 B(6). In *State v. Sullens*, 314 Or 436, 839 P2d 708 (1992), the court examined the history of those provisions, as well as the history of ORS 138.040, which governs the scope of an appellate court's review in criminal cases. Ultimately, the court concluded that the denial of a motion for a new trial in a criminal case was reviewable on appeal only if the motion was based on alleged juror misconduct or newly discovered evidence. *Id.* at 442-43; *see also State v. Grey*, 175 Or App 235, 245, 28 P3d 1195 (2001), *rev den*, 333 Or 463 (2002) (court could not review denial of motion for a new trial raised under ORCP 64 B(6) because it was not based on newly discovered evidence or jury misconduct); *State v. Mayer*, 146 Or App 86, 932 P2d 570 (1997) (same).

Defendant does not argue that the foregoing line of cases is distinguishable, and we do not perceive any distinguishing characteristics. Accordingly, based on *Sullens* and the cases following it, we conclude that defendant's assignment of error concerning the trial court's alleged violation of his Sixth Amendment right to counsel is beyond the scope of our review.

Affirmed.

---

trial proceedings may be timely filed after a resentencing following remand on appeal. *See* ORCP 64 F.