AOYAGI, J.
*122 *883 Defendant was convicted of one count of first-degree rape, ORS 163.375 (Count 1); and two counts of first-degree sexual abuse, ORS 163.427 (Counts 3 and 4). He was sentenced to 300 months' imprisonment on Count 1, 75 months' imprisonment on Count 3, and 75 months' imprisonment on Count 4, all to run concurrently. Defendant also was ordered to pay restitution. Defendant appeals, raising five assignments of error.
We reject defendant's first, second, and third assignments of error without written discussion.
In his fourth assignment of error, defendant asserts that the trial court plainly erred by entering separate convictions on Counts 3 and 4, and the state concedes the error. Count 3 alleged that defendant touched the victim's vagina with his fingers, while Count 4 alleged that defendant caused the victim to touch his penis. Defendant argues that, under ORS 161.067(3), the court should have merged the guilty verdicts on those two counts into a single conviction, because the two sexual contacts occurred during the same criminal episode and without any evidence of a significant pause.[1] See ORS 161.067(3) (for a defendant's "repeated violations of the same statutory provision against the same victim" to be separately punishable, each violation must be separated by a sufficient pause to afford the defendant an opportunity to renounce his criminal intention). Defendant did not preserve the alleged error, but he asserts that it meets the requirements for plain error review and asks us to exercise our discretion to review it. See ORAP 5.45(1) (unpreserved errors will not be considered on appeal, except that "the appellate court may, in its discretion, consider a plain error"). The state concedes that the trial court committed plain error and does not dispute that it would be appropriate to exercise our discretion to correct it.
We may review an unpreserved error if the error is one of law, is obvious and not reasonably in dispute, and *884 does not require us to go outside the record or choose between competing inferences to correct it. Ailes v. Portland Meadows, Inc. , 312 Or. 376, 381-82, 823 P.2d 956 (1991). Those requirements are met here. Whether multiple verdicts merge into a single conviction is a question of law. State v. Huffman , 234 Or. App. 177, 183, 227 P.3d 1206 (2010). On this record, the correct application of ORS 161.067(3) is obvious and not reasonably in dispute. See State v. Dugan , 282 Or. App. 768, 769, 387 P.3d 439 (2016) (concluding that two guilty verdicts for sexual abuse, based on touching two of the victim's body parts in a single incident, should have merged into a single conviction); State v. Nelson , 282 Or. App. 427, 431, 447, 386 P.3d 73 (2016) (concluding that guilty verdicts on three counts of sexual abuse should have merged into a single conviction, where defendant's conduct-which involved making sexual contact with three different body parts of the victim-occurred in one location, without pause in the defendant's aggression or any significant interruption). Lastly, nothing requires us to go outside the record or to choose between competing inferences.
The error therefore is plain, and, in light of the gravity of the error in imposing an additional conviction, and for the same reasons as described in State v. Steltz , 259 Or. App. 212, 220-21, 313 P.3d 312 (2013), we exercise our discretion to correct the error. In doing so, we note that the state concedes not only that the existing evidence was insufficient to support a finding of a sufficient pause for separate convictions but also that there is no "basis to conclude that the state might have been able to offer any such evidence had defendant raised this objection" to the trial court.
Finally, in his fifth assignment of error, defendant challenges an order requiring him to pay $ 1,195.55 in restitution. That argument appears to be unpreserved for reasons virtually identical to those in State v. Ixcolin-Otzoy , 288 Or. App. 103, 109-10, 406 P.3d 100 (2017). However, because the entire case must be remanded for resentencing in any *123 event, we decline to address the fifth assignment of error. See State v. Zolotoff , 275 Or. App 384, 386, 365 P.3d 131 (2015) ("[W]hen this court orders a 'remand for resentencing' without expressly limiting the scope of remand, the trial court *885 must resentence the defendant on each surviving count of conviction, and it may change the terms of the defendant's sentences, so long as the newly imposed sentences are lawful." (Emphases in original.)); State v. Dahl , 256 Or. App. 848, 849 n. 1, 302 P.3d 480, 481 (2013) (declining to address alleged plain error in restitution award, after concluding that the trial court erroneously failed to merge two guilty verdicts for assault into a single conviction, because the case was being remanded for resentencing in any event).
Convictions on Counts 3 and 4 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

At trial, the state's theory was that the contacts underlying Counts 3 and 4 occurred in a single incident, and the state concedes that there was no evidence of a pause between those two contacts, within the meaning of ORS 161.067(3).