ORTEGA, P. J.
*17 Defendant appeals a judgment of conviction for one count of first-degree sodomy, ORS 163.405. He raises three assignments of error, and we reject, without written discussion, all but his second assignment of error, in which he asserts that the trial court erred in denying his motion for a new trial. Specifically, defendant contends that the nonunanimous verdict provision in Article I, section 11, of the Oregon Constitution, as applied to his criminal case, is unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. However, because defendant's as-applied challenge to the nonunanimous verdict is not reviewable on appeal, we must affirm.
The facts for our purposes are procedural. Defendant is black and was accused of sodomizing a white victim. He was indicted on two counts of sodomy in the first degree and, after a two-and-one-half day trial, the jury unanimously acquitted him of one count, but returned a 10-2 verdict of guilty on the second count. Defendant's attorney neither requested a unanimous jury instruction nor objected to the nonunanimous jury verdict.
At sentencing, one of the jurors informed the court that she was the only black person on the jury-and one of the two jurors who voted to acquit-and that she believed defendant's conviction was unfair. The trial court ultimately imposed the statutorily mandated minimum sentence of 100 months.
Defendant moved for a new trial asserting that, procedurally, he was "not making his motion pursuant to ORS 136.535," which applies ORCP 64 B to criminal trials.[1]
*18 More specifically, defendant acknowledged that his motion for a new trial was not based on ORCP 64 B(4) or "newly discovered evidence." Instead, he argued that the authority for the motion and hearing was based on the Equal Protection Clause of the Fourteenth Amendment. The state responded that, because defendant's motion was not filed pursuant to ORS 136.535, there was no legal basis for the court to conclude that the nonunanimous verdict provision violated his equal protection rights. Alternatively, the state asserted that the remedy sought by defendant would require the court "to create a new criminal procedure in order for such a claim *** to be reviewed."
The court, on its own initiative, exercised its power under ORCP 64 G[2] to determine if *712 it committed an error that was so prejudicial that it prevented defendant from having a fair trial and held an evidentiary hearing on that motion. The parties then stipulated that there was only one black juror, who voted to acquit defendant, and that there were one or two other people of color on the jury.
After the hearing, but before the trial court ruled on defendant's motion for a new trial, defendant informed the court that he had obtained affidavits from two jurors-including from the juror who spoke at his sentencing hearing-to show that there was pressure by other jurors to vote guilty and that racial bias played a role in the deliberations. The trial court excluded those affidavits after concluding that those statements could not be used to impeach the jury's verdict.[3]
In a written opinion and order, the trial court concluded that, although "race and ethnicity was a motivating factor" for adopting the nonunanimous jury provision as part of the Oregon Constitution, defendant failed to show *19 the disparate impact of that provision as required to succeed in his equal protection challenge. Moreover, the court explained that granting a motion for a new trial would be an abuse of discretion because there is not a "full and robust evidentiary record, with a clearly articulated remedy proposed." The court then denied defendant's motion for a new trial.
On appeal, defendant reprises his arguments from below. Specifically, defendant first argues that, in applying ORCP 64 G, the trial court effectively decided the motion under ORCP 64 B(4) because it held an evidentiary hearing to consider new evidence-i.e. , the statements made by the two jurors as well as their affidavits describing the jury deliberations. Furthermore, defendant contends that, because the vote to convict defendant was, in part, racially motivated, the nonunanimous jury provision, as applied to his criminal case, violated the Equal Protection Clause of the Fourteenth Amendment.[4]
The state responds that defendant's claim is not reviewable on appeal. In the state's view, because defendant conceded below that his motion was not based on ORCP 64 B(4), the trial court did not have a basis to grant a new trial, and defendant's claim is therefore not reviewable on appeal. Furthermore, the state contends that, even if defendant's equal protection claim has merit, he was not excused from following state law by "preserving his objection during trial and then raising a proper motion for a new trial under ORCP 64 B." We agree with the state, for reasons explained below, that defendant's challenge to the trial court's denial of a new trial is not reviewable.
Defendant has raised serious concerns about the nonunanimous verdict, which he did not challenge below and for which avenues for challenge have been foreclosed by prior cases,[5] may have functioned in his case. However, we *20 may only review the denial of a motion for a new trial if "the motion is based upon juror misconduct or newly discovered evidence ." State v. Sullens , 314 Or. 436, 440, 839 P.2d 708 (1992) (emphasis in original); see generally State v. Alvarez-Vega , 240 Or. App. 616, 619, 251 P.3d 199, rev. den. , 350 Or. 297, 255 P.3d 489 (2011) (concluding that the defendant's constitutional challenge was beyond the scope of our review because he failed to show how his claim fell within ORCP 64 B(4)). Despite *713 defendant's contention that the trial court decided his motion on newly discovered evidence under ORCP 64 B(4), he conceded both at trial and on appeal that his challenges were not based on that procedural rule, nor did he contend that the evidence he sought to introduce would establish juror misconduct. Therefore, defendant's constitutional challenge to the nonunanimous jury provision as applied to his criminal case is not reviewable on appeal.
Affirmed.

ORCP 64 B provides, in part:
"*** A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
"* * * * *
"B(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial."

ORCP 64 G provides:
"If a new trial is granted by the court on its own initiative, the order shall so state and shall be made within 30 days after the entry of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case."

As noted, we have rejected without written discussion defendant's first assignment of error. In that assignment, defendant contends that the trial court erred in excluding those affidavits.

Defendant also challenged the court's conclusion that he had to show disparate impact of the nonunanimous jury provision to prevail on his equal protections claim. However, because defendant's claim is not reviewable on appeal, we do not reach the merits of that challenge.

See, e.g. , State v. Williams , 276 Or. App. 688, 690, 368 P.3d 459, rev. den. , 360 Or. 423, 383 P.3d 866 (2016) ; State v. Sartin , 248 Or. App. 748, 749, 274 P.3d 259 (2012) ; State v. Cobb , 224 Or. App. 594, 597, 198 P.3d 978 (2008), rev. den. , 346 Or. 364, 213 P.3d 578 (2009).