On petition for review filed August 16, 2019, considered and under advisement May 21;* petition for review allowed, limited to issue of appropriate disposition of this case in light of *Ramos v. Louisiana*, decision of Court of Appeals reversed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings June 4, 2020

STATE OF OREGON,
*Respondent on Review,*

*v.*

OLAN JERMAINE WILLIAMS,
*Petitioner on Review.*

(CC 15CR58698) (CA A163895) (SC S066872)

466 P3d 55

Defendant was convicted based on a nonunanimous guilty verdict. He raised an Equal Protection Clause challenge to the conviction by a nonunanimous jury in a motion for a new trial, but he did not raise a Sixth Amendment challenge to his conviction in either the trial court or the Court of Appeals. He raised a Sixth Amendment challenge for the first time in his petition for review. *Held*: (1) To the extent that defendant's failure to present the Sixth Amendment issue on appeal would be a barrier to review, there was good cause to waive the Rules of Appellate Procedure under the circumstances of this case; (2) for the reasons given in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), issued this same day, the court accepts the state's concession that the issue qualified for plain error review and exercises its discretion to correct the error.

The petition for review is allowed, limited to the issue of the appropriate disposition of this case in light of *Ramos v. Louisiana*. The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

En Banc

Marc D. Brown, Chief Deputy Defender, Salem, filed the petition for petitioner on review. Also on the petition was Ernest G. Lannet, Chief Defender.

Timothy A. Sylwester, Assistant Attorney General, Salem, filed a response to the petition for review. Also on the response were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

_____

* Appeal from Multnomah County Circuit Court, Bronson D. James, Judge. 297 Or App 16, 441 P3d 710 (2019).

PER CURIAM

The petition for review is allowed, limited to the issue of the appropriate disposition of this case in light of *Ramos v. Louisiana*. The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

## PER CURIAM

In *Ramos v. Louisiana*, 590 US ___, ___, 140 S Ct 1390, 1395, 206 L Ed 2d 583 (2020), the United States Supreme Court held that, contrary to longstanding practice in Oregon, the United States Constitution requires that "[a] jury must reach a unanimous verdict in order to convict." Many Oregon convictions based on nonunanimous verdicts are presently on appeal, though those cases are in a variety of procedural postures. In this case, the state concedes that, notwithstanding problems with defendant's presentation of the issue to the trial court and to the Court of Appeals, this court should reverse defendant's conviction, so long as it exercises its discretion to consider the error. For the reasons that follow, we exercise our discretion to consider the error and accept the state's concession.

Defendant was charged with two counts of first-degree sodomy. The jury was instructed that it could return a nonunanimous guilty verdict. Defendant did not object. The jury acquitted defendant of one count and convicted him of the other. The trial court polled the jury, revealing that the guilty verdict was nonunanimous. The trial court received both verdicts without objection by defendant.

After defendant was sentenced, he moved for a new trial, challenging Oregon's nonunanimous jury law, as applied to him, on Equal Protection Clause grounds. Defendant, who is Black, argued that the use of nonunanimous juries in Oregon was intended to, and did, disparately impact racial minorities. In a written opinion, the trial court ultimately denied defendant's motion, but it discussed at length the historical evidence and concluded that "race *** was a motivating factor in the passage of" the constitutional amendment permitting nonunanimous jury verdicts in Oregon.

Defendant appealed. On appeal, he continued to press his Equal Protection Clause argument, but he did not raise a Sixth Amendment challenge to the trial court's receipt of a nonunanimous guilty verdict. The Court of Appeals affirmed defendant's conviction, holding that defendant's Equal Protection Clause challenge was not reviewable. *State v. Williams*, 297 Or App 16, 441 P3d 710 (2019).

Shortly before the Court of Appeals issued that decision, the United States Supreme Court granted *certiorari* in *Ramos*, indicating that it would consider a Sixth Amendment challenge to convictions by nonunanimous juries in state courts.[1] Defendant filed a petition for reconsideration in the Court of Appeals, raising for the first time a Sixth Amendment challenge to his nonunanimous conviction. The Court of Appeals denied his petition for reconsideration. Defendant then filed a petition for review in this court, which again included an argument that the Sixth Amendment requires unanimous verdicts in state courts.

Subsequently, the Supreme Court held in *Ramos* that the Sixth Amendment, as incorporated and applicable to the states through the Due Process Clause of the Fourteenth Amendment, requires that convictions be based on unanimous jury verdicts. The Supreme Court did not address the Equal Protection Clause argument that defendant had advanced in the trial court, though it did cite and quote with approval the trial court's opinion and its conclusions about the racist origins of Oregon's nonunanimous jury provision. *Ramos*, 590 US at ___, 140 S Ct at 1394, 1394 nn 5 & 6.

In light of *Ramos*, the state concedes that defendant's Sixth Amendment challenge to his conviction meets the requirements for plain error review and that his conviction should be reversed if this court exercises its discretion to review the error. We accept the state's concession and exercise our discretion to review defendant's Sixth Amendment challenge, even though defendant failed to raise that argument in the trial court and in his opening brief in the Court of Appeals.

Normally, an assignment of error to a trial court's ruling must be raised in the party's opening brief in the Court of Appeals, coupled with a supporting argument. ORAP 5.45(1). To the extent that ORAP 5.45(1) could be

---

[1] As explained in *State v. Ulery*, also issued this date, 366 Or 500, 464 P3d 1123 (2020), the United State Supreme Court in the 1970s had upheld the Oregon practice of receiving nonunanimous guilty verdicts against a Sixth Amendment challenge in *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972).

viewed as a barrier to review in this case,[2] we note that the rule is subject to ORAP 1.20(5), which permits rules of appellate procedure to be waived for "good cause." And, we have recognized that an intervening "authoritative ruling of the United States Supreme Court" can be relevant to a determination of good cause. *State v. Hagberg*, 347 Or 272, 276, 220 P3d 47 (2009). The *Ramos* decision transformed an assignment of error to a trial court ruling permitting a nonunanimous verdict from one that has been rejected repeatedly by Oregon appellate courts into one with merit. Thus, the timing of the *Ramos* decision makes a difference in this case, and defendant's omission of the Sixth Amendment issue in his opening brief in the Court of Appeals was understandable, given that it occurred before the grant of *certiorari* in *Ramos*. Because of the state of the law at the time, the omission of a Sixth Amendment argument in defendant's opening brief could not have altered the decision of the Court of Appeals or prejudiced the state, particularly because of the state's ultimate concession.

For the reasons given in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), we accept the state's concession that the issue meets the requirements for plain error review, and we exercise our discretion to correct the error. We therefore reverse defendant's conviction.

The petition for review is allowed, limited to the issue of the appropriate disposition of this case in light of *Ramos v. Louisiana*. The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[2] In this case, defendant challenged his nonunanimous conviction by way of an assignment of error to the trial court's denial of his motion for a new trial, which was based on grounds other than the Sixth Amendment. Defendant did not assign error to the trial court's instruction to the jury permitting a nonunanimous verdict or to its receipt of the verdict.