On appellant's motion for summary judgment filed June 4; reconsideration allowed, former opinion withdrawn, reversed and remanded July 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE CARLOS PEREZ-CARDENAS,
*Defendant-Appellant.*

Benton County Circuit Court
14CR32483; A162420

471 P3d 158

In an earlier opinion, *State v. Perez-Cardenas*, 296 Or App 881, 440 P3d 121, *rev den*, 365 Or 533 (2019), the Court of Appeals affirmed defendant's judgment of conviction on one count of first-degree rape, ORS 163.375 (Count 1), but concluded that the trial court had erred by entering separate convictions on two counts of first-degree sexual abuse, ORS 163.427 (Counts 3 and 4), rather than merging those verdicts. After an order allowing supplemental briefing, the Court of Appeals granted defendant's unopposed motion to accept the state's concession to reverse and remand the judgment, treating that motion as a motion to reconsider on the basis of an intervening change of law. ORAP 6.25; ORAP 1.20(5). *Held*: Reconsideration is allowed to withdraw the former opinion because the trial court's acceptance of nonunanimous jury verdicts was plain error and defendant is entitled to a new trial. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020); *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020); *State v. Williams*, 366 Or 495, 466 P3d 55 (2020).

Reconsideration allowed; former opinion withdrawn; reversed and remanded.

David B. Connell, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, for motion.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Aoyagi, Judge.

DEVORE, P. J.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.

**DEVORE, P. J.**

Defendant was convicted of one count of first-degree rape, ORS 163.375 (Count 1) and two counts of first-degree sexual abuse, ORS 163.427 (Counts 3 and 4). On appeal, we accepted his fourth assignment of error, concluded that the trial court erred by entering separate convictions on Counts 3 and 4, remanded for resentencing and entry of a judgment of conviction on one count of first-degree sexual abuse, but otherwise affirmed. *State v. Perez-Cardenas*, 296 Or App 881, 440 P3d 121, *rev den*, 365 Or 533 (2019). The Supreme Court did not accept review, nor decide any issue in the case that would now be preclusive. *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 103, 862 P2d 1293, 1296 (1993) ("Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding.").

After review was denied, we granted defendant leave to file a supplemental brief.[1] He has asserted supplemental assignments of errors involving a jury instruction on a nonunanimous verdict and the court's acceptance of nonunanimous jury verdicts on the three counts. After initially opposing defendant's arguments, the state concedes that, if the court exercises its discretion to reach plain error, the judgment should be reversed and remanded for new trial. Defendant moves that the court accept the state's concession.

In essence, defendant's motion to accept the state's concession, preceded by an order allowing supplemental briefing, seeks belated reconsideration of our decision. A party may seek reconsideration with a "claim that there has been a change in the statutes or case law since the decision of the Court of Appeals." ORAP 6.25(1)(c). Given the intervening change of constitutional law noted below, we find good cause to waive the 14-day time limitation on motions to reconsider, as we have done with other cases still within our jurisdiction in this most unusual circumstance. Pursuant

---

[1] The authority of the Supreme Court ends when it disposes of the review proceeding. ORAP 9.30(1). The Court of Appeals has authority to decide motions, if the case is not pending in the Supreme Court, and an appellate judgment has not issued. ORAP 9.30(2)(a).

to ORAP 1.20(5) and ORAP 6.25, we grant reconsideration and withdraw our former opinion.

The United State Supreme Court recently concluded that nonunanimous jury verdicts violate the Sixth Amendment to the United States Constitution. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction as the trial court would not have been able to correct the error under controlling law.

Although an assignment of error should be asserted in a party's opening brief, ORAP 5.45(1), the rule may be waived for good cause under ORAP 1.20(5). In *State v. Williams*, 366 Or 495, 466 P3d 55 (2020), the court concluded that the significant change in the law announced in *Ramos* constituted good cause for waiver of the general rule. For the same reason, we do likewise; we consider defendant's additional assignments of error.

As in those cases, we conclude that the court's acceptance of a nonunanimous verdicts was plain error. We exercise our discretion to correct it. Because acceptance of the nonunanimous verdicts was error, defendant is entitled to a new trial.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.