64 April 17, 2024 No. 236

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHAD VERN PUCKETT,
*Defendant-Appellant.*

Lane County Circuit Court
20CR66835; A178364

Debra K. Vogt, Judge.

Submitted March 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

A jury found defendant guilty of two counts of first-degree sodomy, ORS 163.405, and one count of first-degree unlawful sexual penetration, ORS 163.411. On appeal, in a single assignment of error, defendant argues that the trial court erred in denying his motion for a new trial. We conclude that we have no authority to review that assignment of error, and even if we did, we discern no error in the trial court's denial of the motion. We therefore affirm.

Six days after the jury found defendant guilty, but before sentencing, defendant moved for a new trial pursuant to ORCP 64 B(1),[1] arguing that there had been an irregularity in the proceedings. Defendant had taken antianxiety medication before the third day of his jury trial, and he claimed that it had impaired his ability to remember or understand the proceedings on that day. The trial court denied the motion. The trial court expressed concern about defendants creating "their own irregularity to try to justify getting a new" trial, and it explained that defendant

"did fine that day. [Defendant] talked to me, he answered my questions. He was aware of everything. He assured me that—don't shake your head at me—you assured me on that day that you were fine, that you wanted to go forward. You answered questions appropriately. There was nothing about you on that day that I would note would have made you unfit to proceed. You clearly knew what was going on, you participated. I watched you participate with your attorney. You were still taking notes, you were still talking to your lawyer and assisting."

On appeal, defendant challenges the trial court's ruling, but we conclude that we have no authority to review it. ORS 138.105(4)(a) provides that we have authority to review "[t]he denial of a motion for new trial based on juror misconduct or newly discovered evidence[.]" In *State v. Sullens,* 314 Or 436, 442-43, 839 P2d 708 (1992), the Supreme Court concluded that the denial of a motion for a new trial in a criminal case was reviewable on appeal only if the motion was based on alleged juror misconduct or newly discovered

---

[1] Under ORS 136.535(1), ORCP 64 B applies to and regulates new trials in criminal actions. ORCP 64 B(1) provides in part that a new trial may be granted when there is an "[i]rregularity in the proceedings of the court[.]"

evidence. In *State v. Alvarez-Vega*, 240 Or App 616, 618-19, 251 P3d 199, *rev den*, 350 Or 297 (2011), relying on *Sullens*, we determined that we had no authority to review the denial of a motion for a new trial filed pursuant to ORCP 64 B(6), in which the defendant had argued that the trial court committed an error of law in denying his motion for a continuance on the first day of trial because he wished to retain a new lawyer.

Here, defendant moved for a new trial pursuant to ORCP 64 B(1), arguing that there had been an irregularity in the proceedings of the court because the antianxiety medication that he had taken rendered him incompetent to stand trial. But defendant did not argue below, and he does not argue on appeal, that the motion was based on juror misconduct under ORCP 64 B(2) or newly discovered evidence under ORCP 64 B(4). As a result, pursuant to ORS 138.105(4)(a), we have no authority to review the denial of defendant's motion.

Even if we had authority to review it, we discern no error in the trial court's denial of the motion because, on the third day of trial, defendant assured the trial court that he felt fine, that he was able to participate in the trial and assist his attorney, and his testimony that day indicates that he had no difficulty answering questions or understanding the nature of the proceedings. We therefore affirm.

Affirmed.