No. 1030 November 26, 2025 283

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARD EARL BAILEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR62319; A183869

Christopher A. Ramras, Judge.

Submitted October 31, 2025.

Frances J. Gray filed the opening brief for appellant. Edward E. Bailey filed the supplemental brief and reply brief, *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for driving while suspended or revoked, second-degree escape, and felon in possession of a restricted weapon. On appeal, he raises four assignments of error: (1) the trial court abused its discretion when it denied his motion to continue, made the morning of the trial; (2) the trial court erred when it denied defendant's request for a new legal advisor; (3) the trial court erred by "preempting" an objection to exhibits; and (4) the trial court erred when it denied his motion for a new trial. Defendant also raises a *pro se* supplemental claim of error, in which he contends that the trial court erred in failing to impose a sanction for what he views as the state's failure to comply with its discovery obligations. We affirm.

*Motion to continue:* Two weeks before trial, the state contacted defendant, who was representing himself after he dismissed his attorney, to ensure that defendant had the discovery that had been provided to his previous attorney. Defendant did not reply, so the state attempted to provide him with a new copy of the discovery. Six days before trial, the state realized that two videos had not been included in that discovery and emailed defendant to notify him. Defendant neither responded to the state's attempts to provide discovery nor picked up the discovery, including the videos, prior to trial.

The morning of trial, defendant moved for a continuance, in part because the state had disclosed the discovery the week before trial. In his view, disclosing the videos a week before trial did not provide him enough time to review them. When the trial court asked why he had not responded to the state and had not picked up the discovery, defendant responded that he had to "maintain a living," that his legal advisor (his former attorney) had not picked up the discovery, and that he had planned to pick up the discovery the day of trial. The state explained that it had contacted defendant no fewer than five times and that, had defendant responded to the emails, the state could have arranged to deliver the discovery to him.

The trial court denied the motion but ordered that defendant have time to review the videos before the start of trial. Defendant saw the videos before his trial started. The videos depicted law enforcement's interactions with defendant after they stopped him. We review the court's ruling for an abuse of discretion, taking the facts as expressly or implicitly found by the trial court. *State v. Thomas*, 266 Or App 642, 643, 338 P3d 762 (2014).

We reviewed the record and conclude that the trial court did not abuse its discretion in denying defendant's motion for a continuance. The state apprised defendant of the videos six days before trial; thus, the existence of the videos was not a surprise and the videos themselves had been available to defendant. *See State v. Hug*, 186 Or App 569, 576, 64 P3d 1173, *rev den*, 335 Or 510 (2003) (no error when court denied the defendant's last-minute request for a setover because the reasons for the request were "within defendant's control"). The court gave defendant time to review the videos in advance of trial and, according to defendant, they revealed nothing about the crimes with which he had been charged but rather showed an "abuse of [his] *** right to travel." *See City of Portland v. Peterson*, 55 Or App 537, 541, 639 P2d 638 (1982) (affirming the trial court's denial of a continuance motion as a discovery "sanction" because "the state's delay [in providing a police report] did not prejudice the preparation of defendant's case"). None of the other bases that defendant points to demonstrate that the trial court acted outside the range of legally permissible choices.

*Legal advisor:* Defendant contends that the trial court erred when it refused to appoint him a second legal advisor. The morning of trial, defendant's legal advisor told the court that he needed to withdraw because defendant had filed a lawsuit against him in federal court. Defendant declined the court's offer to appoint a new legal advisor. He later changed his mind after he learned that the trial would proceed. The trial court denied defendant's request because another advisor was not available. Having reviewed the record, we conclude that the trial court did not abuse its discretion in denying defendant's request for another legal

advisor. *State v. Cable*, 335 Or App 711, 713 n 1, 559 P3d 943 (2024), *rev den*, 373 Or 444 (2025) (noting that because there is no constitutional right to hybrid representation, "a trial court may in its discretion allow, as well as deny, such representation").

*Objection to exhibits:* At trial, the state asked defendant to stipulate to admission of the two videos that defendant had seen the morning of trial. Defendant suggested that he might object, and the trial court told him that if he did, the trial court would rule on that objection. The court also indicated that if defendant objected to the videos because of the lateness of their disclosure, the court was unlikely to exclude them on that basis but that it had not "decided for sure." The videos were ultimately admitted into evidence without objection; as to the second of the two videos, defendant wanted it to be shown to the jury. On appeal, defendant contends that the trial court erred when it "preempted" defendant's objection to admission of the videos. As the state observes, defendant has not assigned error to any legal ruling as required by ORAP 5.45(3). The trial court expressly told defendant that it was not ruling on the admissibility of the videos but that if defendant objected later, it would rule then. The trial court did not err.

*Motion for new trial:* Defendant moved for a new trial under ORS 136.535 and ORCP 64 B(1) and (2) and argues on appeal that there was an "irregularity in the proceedings by the court" and "misconduct of the adverse party" that warranted a new trial. ORS 138.105(4)(a) provides that we can review the denial of a motion for new trial if the motion was "based on juror misconduct or newly discovered evidence." Defendant has asserted neither and we therefore reject his claim of error. *State v. Puckett*, 332 Or App 64, 65-66, 548 P3d 167, *rev den*, 372 Or 787 (2024) (an order denying a motion for a new trial is reviewable only if the motion was based on juror misconduct or newly discovered evidence (citing *State v. Sullens*, 314 Or 436, 442-43, 839 P2d 708 (1992))).

*Discovery sanctions:* Defendant asserts that the trial court erred in denying him relief based on the late disclosure of the videos. In defendant's view, the belated

disclosure amounted to a *Brady* violation. *See Brady v. Maryland*, 373 US 83, 87, 83 S Ct 1194, 10 L Ed 2d 215 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused *** violates due process where the evidence is material either to guilt or to punishment."). As explained above, the videos were disclosed, *i.e.*, there was no literal "suppression of evidence," and defendant does not explain why the disclosure of those videos six days before trial amounted to a functional suppression of evidence. Additionally, the videos are not favorable to defendant; they show defendant interacting with law enforcement and engaging in a physical altercation with officers. Therefore, the state did not commit a *Brady* violation, and defendant's claim of error provides no basis for relief.

Affirmed.